## DENT v. POWELL et al.

Contracts: REASONABLE TIME TO COMPLY WITH: EVIDENCE: INSTRUCTION. Where a party to a contract has, from the nature of the case, as known to all the parties, a reasonable time to perform on his part, what that time is should be determined from a consideration of evidence as to the acts necessary to be done, and the time required to do them; but an instruction that "such reasonable

Dent v. Powell.

time would be such time as men of ordinary skill and prudence would deem requisite," is *held* erroneous, because, *first*, the naked opinions of such men, not based upon facts established by the evidence, are not admissible in such a case ; and, *second,* no such opinions were in fact shown by the evidence.

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

FILED, JUNE 3, 1890.

ACTION to recover for money received by defendants as plaintiff's agent. There was a judgment upon a verdict for defendants. Plaintiff appeals.

*Hubbard, Spalding & Taylor* and *Argo & McDuffie,* for appellant.

*Marks & Mould* and *Taylor, Healey & Sherman,* for appellees.

BECK, J.—I. The defendants allege in their answer that they entered into a contract with plaintiff wherein they undertook to "find a purchaser" for certain land at a specified price, for which they were to receive as compensation $1,133.33 ; that they found a purchaser for the land, and made a sale thereof, receiving from the purchaser five hundred dollars as part payment, which is the money for which plaintiff seeks to recover in this suit. In another count of the answer, defendants plead a counter-claim to recover $633.33, balance due them upon the contract for the sale of the land. There was evidence showing that defendants did "find a purchaser" for the land, and settled the terms of sale with him ; that the five hundred dollars was paid by the purchaser ; that there was delay in the consummation of the sale, through the fact that plaintiff had not a deed for the land, holding it under a lease with the Agricultural College ; that the deed was finally obtained ; and that the purchaser then did not, through

Dent v. Powell.

inability to raise the money, make the payment provided for in the contract. Plaintiff made due effort to have the purchaser perform his contract, but failed of success, and thereupon settled the business by an arrangement under which the contract was terminated on condition that plaintiff retain the five hundred dollars.

II. The district court held, and so instructed the jury, that the burden rested upon defendants to show that they found a purchaser who was able, ready and willing to take the land upon the terms agreed upon. Evidence was admitted by the court, against plaintiff's objection, tending to show transactions and payments made by the purchaser at the time the contract of sale was made with him, for the purpose of establishing his ability to perform the contract. The admission of this evidence is the subject of complaint by plaintiff. We are not wholly agreed upon its admissibility, and, therefore, do not rule on the point, as on another ground the judgment of the district court must be reversed.

III. The defendants claim that the failure of the trade was attributable to the delay by plaintiff in procuring the deed to himself for the land. As applicable to this position, the court gave the following instructions, which are the ground of an objection urged by plaintiff: "7. If you find from the evidence that defendants found purchasers of plaintiff's land about March 2, 1887, and that plaintiff at that time was not in condition to transfer the title because he held the same under an Agricultural-College lease, and that the condition of his title had been made known to the defendants as his agents, and also to the purchasers, then the plaintiff would be entitled to a reasonable time in which to procure his patent from the state of Iowa, if no time therefor was agreed upon between the parties. But such reasonable time would be such time as men of ordinary skill and prudence would deem requisite to obtain such title, under the circumstances, and would

not include delays wholly unexpected by persons of ordinary skill and prudence, in the management of their affairs." In our opinion, this instruction is plainly erroneous. It, in effect, directs the jury that the question as to what would be a reasonable time for procuring the deed is to be determined by the opinion of men of "ordinary skill and prudence." The plaintiff was required to exercise reasonable diligence in his efforts to obtain the deed, and of course was entitled to the time required in the exercise of such diligence. Now, to determine that question of time, facts as to the acts to be done, and the time required to do these acts, were subjects of consideration, and should be shown by proper evidence. Upon such proof the jury should determine the question. It may be that the opinion of one familiar with such business, based upon evidence showing what was necessary to be done to procure the deed, and other matters, would be competent. But the jury could not be guided by the independent opinions of men "of skill and prudence," not based upon the facts established by the evidence. It is proper to say that, even if the opinions "of men of skill and prudence" could be considered by the jury, there was no evidence showing the opinions of men of that character. The instruction is not only erroneous, but is not applicable to any evidence in the case. For the error in this instruction the judgment of the district court is

REVERSED.