WILLIAM H. DENT, Appellant, v. WILLIAM E. POWELL, *et al.*

**Land Sale Commission.** It must be shown that the buyer was able to pay the money called for by the terms of sale. It is not sufficient that it could have been made by suit.

**Practice:** HARMLESS ERROR. It is not prejudicial error to admit testimony as to the reasonable value of a commission, where this value is not in issue and the verdict is for less than is fixed by such testimony, and for less than the undisputed value claimed.

*Appeal from Woodbury District Court.*—HON. A. VAN WAGENEN, Judge.

TUESDAY, FEBRUARY 5, 1895.

Action at law to recover money alleged to have been paid to the defendants for the benefit and use of the plaintiff. The defendants, by counterclaim, seek to recover of the plaintiff compensation for effecting a sale of real estate owned by the plaintiff. There was a trial by jury, and a verdict and judgment for defendants. The plaintiffs appeal.—*Reversed.*

*Spalding, Taylor & Burgess* and *Argo, McDuffie & Argo* for appellant.

*Taylor, Shull & Farnsworth* and *Marks & Mould* for appellees.

Robinson, J.—In February and March, 1887, the plaintiff owned an interest in a quarter section of land situated near Sioux City. William E. Powell and W. W. Soule, the defendants, were engaged in that city in business as real-estate agents. The land appears to have been a part of the Agricultural College grant, and

the plaintiff held the leasehold interest, with the privilege of becoming the owner in fee upon making payment of the amount required by his lease. In the latter part of February he authorized the defendants to make a sale of his land, at the same time explaining to them the nature of his interest. On or about the second day of the next month the defendants entered into an agreement with T. P. Wilde and E. J. Peterson, which is claimed to have been in effect a sale of the land, and received under the agreement the sum of five hundred dollars. The sale was not perfected, the money paid was retained by the defendants, and this action was brought to recover it. The defendants admit receiving and retaining the money, but allege that they entered into an oral agreement with the plaintiff to the effect that "if they found a purchaser for said tract of land at ten thousand dollars, and upon terms of payment which were given by plaintiff to defendants, they were to receive as compensation therefor the sum of one thousand one hundred and thirty-three dollars and thirty-three cents for their services in making said sale." The defendants further allege that they found a purchaser for the land, and made a sale of it upon the terms and conditions authorized by the plaintiff, that they received from the purchaser the sum of five hundred dollars, and that there is still due them the sum of six hundred and thirty-three dollars and thirty-three cents. Judgment for that amount is demanded against the plaintiff. The jury found that there was due the defendants "$745, less the $500 now in their hands," and judgment was rendered according to the verdict. This cause was before us on a former appeal. See 80 Iowa, 456.

I. The defendant Soule was asked as a witness to state what the regular commission would have been had the sale been made at fifty dollars per acre. An objection to the question was overruled, and the witness

was permitted to state that it would have been five per cent. of the first one thousand dollars of the purchase price, and two and one-half per cent. of the remainder. The defendants did not seek to recover a reasonable compensation for making the sale, but a specific sum alleged to have been agreed upon by the parties. The alleged sale was made for sixty-two dollars and fifty cents an acre, or for ten thousand dollars. The defendants claim that by the terms of the final arrangement under which the alleged sale was made they were to receive one thousand three hundred and thirty-three dollars and thirty-three cents as commission, and the plaintiff admits that he was to receive but eight thousand six hundred and sixty-six dollars. There was no issue in the case in regard to what was a reasonable compensation for making the sale. If the defendants were entitled to recover they should have been given the amount they claimed. Testimony as to what would have been a reasonable or the regular compensation for the sale of the land at fifty dollars per acre was wholly irrelevant. But the plaintiff could not have been prejudiced by the testimony on that point, for the reason that the jury necessarily found that the defendants had effected a sale according to the authority given them; and, if that finding was sustained by the evidence, they should have found for the defendants in a much larger sum than they did. The defendants might claim that the recovery was too small, but the plaintiff will not be heard to make that objection.

II.　The District Court instructed the jury that the defendants were entitled to recover if they had shown that they had found purchasers for the land who were able, ready, and willing to take it on the terms the defendants had been authorized to make. The appellant contends that the verdict was contrary to the instructions, and not supported by the evidence. By the terms

of the sale, one-third of the purchase price was to be paid
in cash, and the remainder in one, two and three years.
The purchasers were co-partners doing business under
the name of E. T. Peterson & Co., and were residents of
Omaha. They appear to have had some transactions in
real estate in and near Sioux City. The agreement of
purchase was entered into on their part by C. W. Wal-
strom and T. B. Wilde in the name of E. T. Peterson and
Thomas B. Wilde, Peterson not being present. It appears
to have been made on the twenty-seventh day of
February, but the purchasers knew that the plaintiff
did not have a patent for the land, and that several days
must necessarily elapse before one could be procured.
They were promised that it would be obtained within a
week. On the second day of March they had a sufficient
amount of money to make the first payment, but used
it on that date in paying for other property. It is shown
that they had interests in real property of a value
greater than the price they had agreed to pay for the
land in question. They made frequent inquiries for the
deed for two or three weeks after it had been ordered,
and expressed a desire for it, and a readiness to complete
their agreement, but never at any time tendered the
required amount of money, nor showed that they had or
could procure it. The court properly allowed the defend-
ants to show, so far as they could, what property
the purchasers had during the latter part of February
and until the next April, as tending to show their abil-
ity to perform their agreement. Considerable testi-
mony was given in regard to purchases they made, and
property they had, and, although it must be regarded
as established that the value of their property was so
large that the purchase price in question might have
been recovered of them by suit, yet the evidence wholly
fails to show that at the end of the week within which
they were promised the deed they could have made the

remainder of the cash payment required by their agreement. They had some bank accounts, but the amounts are not shown. They made some payments, but the record authorizes the presumption that they were under obligations to make them, and most of the payments were made before the plaintiff was required to deliver the deed. What we have said in regard to the property of the purchasers, and their readiness to take the land, is shown by the evidence for the defendants. Peterson testifies that he went to Sioux City after the purchase was made, and then refused to complete it; that he was unable to make the cash payment after the second day of March; that he did not object to the delay in procuring the patent; that Walstrom had no means, and that he did not think that Wilde had any. The delay in procuring a patent for the land was not due to any fault on the part of the plaintiff. As soon as he was advised that a deed from him would be required, instead of an assignment of his lease, he employed attorneys to procure the patent, and they acted promptly to obtain it. The officers charged with the duty of furnishing it caused the delay. Peterson appears to have been the most responsible of the purchasers, and he made no objection to the delay in furnishing a deed. On the twelfth day of April, 1887, the defendant Powell wrote to the plaintiff that he had seen Peterson; that Peterson said he could not take the land unless he made a sale of property; that he was advertising heavily, and trying to sell, in order to take the land; that he said that unless the plaintiff would give further time "the deal would fall through." The letter further stated: "He [Peterson] acted fair and seemed to be fair in his statements; but I feel that you had better protect yourself, nevertheless, and you can act to suit yourself. I feel as if we had done everything possible for us to do, and that, in order not to wait the balance of the year on

uncertainties, I think, you had better . advise with Spaulding, and push the matter somewhat." The plaintiff acted upon the suggestion, and attempted to complete the sale, going to Omaha for that purpose, but failed to accomplish anything; and in August, 1887, he sold the land to another party for eight thousand dollars. It appears without conflict in the evidence that the plaintiff was anxious to perfect the sale; that he tried to have it completed, but failed; and that the only fault which can be charged to him is that he did not procure the patent and furnish the deed within the time upon which the parties had agreed. If that delay alone had defeated the sale, it is probable that the defendants would have been entitled to recover the compensation claimed, and their alleged right to recover is really based upon that delay. But the burden was on them to show that the purchasers were able and willing to complete the purchase within the agreed time, and that has not been shown. The plaintiff could not have been compelled to accept anything but money for the first payment. It will not answer to say that, although the purchasers did not have the money, they had property from which it could have been realized. The plaintiff could not be compelled to resort to litigation in order to procure the money. That must have been tendered before the purchasers were entitled to a deed. The fact that some of the purchasers inquired for the deed, and said they were ready to take it, is not important so long as they did not have the money required to obtain it. We conclude that the evidence does not support the verdict. What we have said on this branch of the case disposes of numerous questions presented in argument. In view of the conclusion reached, other questions discussed need not be determined. For the reasons shown, the judgment of the District Court is *reversed.*