## WATTERS v. DANCEY.

In an action by a broker for commissions on the sale of land, plaintiff, to recover, must prove that he has brought to the owner a purchaser willing and able to contract for the purchase of the land on

the prescribed terms, or, in lieu of presenting such purchaser, must show that he has obtained, in favor of the owner, a contract from the purchaser which is valid and enforceable by the owner himself; it not sufficing that a contract be made to purchase the land from the agent.

Where land is simply listed for sale with an agent, the owner only can sell; the agent having no authority himself to sell the land, unless duly authorized in writing, as required by Rev. Civ. Code, § 1238, subd. 5.

A broker employed to sell land for cash must show, in an action for commissions, that the purchaser had cash in hand; evidence that he had an abundance of property out of which the required payment might be made not sufficing to show that he was ready and willing to purchase.

A verdict is properly directed for defendant, where the evidence, with all inferences which can justifiably be drawn therefrom, is insufficient to support a verdict for plaintiff.

(Opinion filed, June 26, 1909.)

Appeal from Circuit Court Spink County. Hon. CHARLES S. WHITING, Judge.

Action by G. M. Watters against R. E. Dancey. Judgment for defendant, and plaintiff appears. Affirmed.

*William Issenhuth,* for appellant. *Bruell & Morris,* for respondent.

McCOY, J. In this case plaintiff, who is also the appellant, brings this suit against the defendant to recover $960 commissions for having found a purchaser for defendant's land, who, as plaintiff alleges in his complaint, was ready, willing, and able to purchase on the terms prescribed by defendant. Defendant answered, denying generally all plaintiff's allegations, and thus putting plaintiff upon proof as to all the allegations of his complaint. At the close of the plaintiff's testimony on the trial the defendant moved the court to direct a verdict in favor of the defendant, on the grounds that the plaintiff had wholly failed to prove a cause of action against the defendant, and for the reason that the undisputed evidence showed that, if said land was so listed, the same had been withdrawn from sale prior to the time plaintiff had received any notice that plaintiff claimed to have sold the same. The court granted the motion, and a verdict was accordingly directed in favor of the defendant. To which ruling of the court the plaintiff duly excepted. It is now contended by the plaintiff that the trial court erred in di-

recting a verdict, but we are of the opinion that there exist several plain and clear reasons why this position of the appellant is not tenable.

From plaintiff's testimony it appears that, on about July 28, 1906, the plaintiff and defendant had a conversation in the office of plaintiff, whereby the defendant told plaintiff that he might list for sale his land, consisting of one one-quarter section, for $34 per acre, net to defendant, payable all cash, over and above an incumbrance of $2,100 thereon; that thereafter, on the 1st day of August following, the plaintiff procured a purchaser, H. T. Bell, for said land, at $40 per acre cash over the $2,100 incumbrance, and that on that date plaintiff and said Bell entered into a written contract, whereby Bell agreed to purchase the said land on the said terms, not from the defendant, but from the plaintiff, and by the terms of which contract the said Bell also agreed to forfeit to the plaintiff, G. M. Watters, the $500 cash paid in case Bell defaulted in the terms of said contract. After procuring this contract from Bell plaintiff, on August 2d, wrote to the defendant, inclosing a draft for $50 as earnest money, and notifying defendant that he had sold the land on his terms, and again, on August 6th, the plaintiff wrote defendant: "We have sold your land $34.00 net to you." "This was the price and terms you listed it to us. H. T. Bell has purchased this land from us at $40.00 per acre, which leaves us a profit of $960.00 in the land." These letters and the draft were returned to plaintiff; the defendant having refused to receive or accept the same. On August 3d the defendant wired plaintiff: "Concluded not to sell." In every case of this character, the plaintiff must prove, before he can recover, that he has found and produced and brought to the landowner a purchaser who is ready, willing, and able to enter into a contract to purchase with the landowner on the prescribed terms; or in lieu of producing and presenting such a purchaser, he must show that he has obtained from such purchaser a valid and binding contract in favor of the landowner, and being a contract that might be enforced by the land owner himself in case of a breach or default in the terms thereof. McLaughlin v. Wheeler, 1 S. D. 498, 47 N. W. 816; Huntemer v. Arent, 16 S. D. 465, 93 N. W. 653; Mattes v. Engle, 15 S. D. 330, 89 N. W. 651;

Howie v. Bratrud, 14 S. D. 648, 86 N. W. 747; 19 Cyc. 255; Flynn v. Jordal, 124 Iowa 457, 100 N. W. 326; Johnson Bros. v. Wright, 124 Iowa 61, 99 N. W. 103; Ormsby v. Graham, 123 Iowa 202, 98 N. W. 724; Wilson v. Mason, 158 Ill. 304, 42 N. E. 134; Mat·tingly v. Pennie, 105 Cal. 514, 39 Pac. 200; Gunn v. Bank, 99 Cal. 349, 33 Pac. 1105; Hayden v. Grillo, 35 Mo. App. 647.

In Johnson v. Wright, supra, the court says: "The agency was to find a purchaser on certain terms, and, in order to earn the commission, it was incumbent upon plaintiff to furnish a person, ready, able, and willing to buy on the terms fixed. To accomplish this, where no sale is actually made, either a valid obligation to buy must be procured and tendered to the principal, or the vendor and the proposed purchaser must be brought together, so that the vendor may secure such a contract, if he wished to do so." It is not sufficient that a contract be made to purchase the land from the agent. Where land is simply listed for sale, the only person who can sell the land is the owner. Johnson v. Wright, supra. The agent has no authority to himself sell the owner's land, unless duly authorized in writing. Rev. Civ. Code, § 1238, subd. 5; Brandrup v. Britten, 11 N. D. 376, 92 N. W. 453; Hickox v. Bacon, 17 S. D. 563, 97 N. W. 847. The agent was only authorized to procure a purchaser to whom the owner might sell. The agent might procure from the proposed buyer a written executory contract, whereby such buyer agreed to purchase from the owner, and which contract, when presented and tendered to the landowner, might be signed by him, and thus complete the transaction. The valid and binding contract which the agent was required to obtain in order to be entitled to his commission was a contract signed by the proposed buyer agreeing to purchase from the landowner (not from the agent) on the prescribed terms, and being such a contract on which the landowner might himself recover damages in case of breach thereof. The damage, if any, for breach of the contract would go to the landowner, and not to the agent.

Again, in the case of Hayden v. Brillo, supra, the court said: "This contract on the part of a broker is complete when he delivers or tenders to the owner a valid written contract, containing the terms of the sale agreed on, signed by a party able to comply

therewith, or to answer in damages if he shall fail to perform. This is all the agent can do; and, when this is done, he is entitled to his commission. But the necessity of a written contract of sale may be rendered unnecessary if the agent bring the vendor and vendee together, and the latter is able and willing and offers to complete the contract, provided the vendor will make the conveyance. In such a case the agent has done all that he can do; and, if the vendor, under such circumstances, refused to complete the sale, he will be compelled to pay the agent his commission. The reason of the rule is very apparent. The object of the vendor is to effect a sale of his property, and when the real estate broker produces a contract executed by a solvent purchaser, he is then entitled to pay for his services, whether the trade is finally consummated or not, because, if the vendee refuses to take the property, the vendor holds the contract, which renders the former liable for all damages (including commissions paid by the vendor to the broker) for a failure to comply." From the reason of the rule given in this case it necessarily follows that the contract must run in favor of the landowner, and be a contract he could enforce; not necessarily a contract that might be specifically enforced, but a contract sufficient in form and provisions that the landowner might recover the damages which he might sustain as a result of its breach, and including any commissions he might be compelled to pay. In this case no contract was ever obtained from the proposed buyer, H. T. Bell, in favor of defendant, and neither was such a contract ever furnished or tendered to defendant. The contract made with Bell was an unauthorized contract, and one which plaintiff had no right or authority to make, unless expressly authorized in writing so to do, and was a contract in no manner binding upon defendant, unless he ratified and approved the same.

The plaintiff having failed to furnish or tender to defendant a contract of the proposed purchaser, it then became necessary for plaintiff, in order to recover, to produce and bring to the defendant a proposed purchaser who was ready, willing, and able to purchase. There is no evidence of any kind that plaintiff ever produced or attempted to get the defendant and Bell together so that they might contract. There is no evidence that Bell was ready and

willing to make the purchase. The listing contract provided for "all cash over the incumbrance." Evidence that the proposed purchaser has an abundance of property, out of which the required payment might be made, is not sufficient evidence that he was ready and willing to purchase. The proof must show that he had the cash in hand. 19 Cyc. 246; Neiderlander v. Starr, 50 Kan. 766, 32 Pac. 359; Dent v. Powell, 93 Iowa 711, 61 N. W. 1043. In this case the testimony showed that the proposed purchaser, Bell, at the time of this transaction in August, 1906, had about $300 in cash, and about $6,000 worth of personal property and growing crops in the state of Iowa, but which was insufficient for the purposes of this case.

There was a total lack of evidence on the trial of this case as to matters necessary to be shown before plaintiff was entitled to recover. A verdict is properly directed for defendant where the evidence, with all inferences which can justifiably be drawn therefrom, is insufficient to support a verdict for plaintiff. McKeever v. Mining Co., 10 S. D. 599, 74 N. W. 1053.

Finding no error in the record, the judgment of the circuit court is affirmed.

WHITING, J., took no part in the decision of this case.