SCHONIGER et al., Appellants, v. LOGAN et al, (Anderson,
Respondent.)

(178 N. W. 929.)

(File No. 4666.    Opinion filed July 30, 1920.  Rehearing denied Aug-
ust 25, 1920.)

**Foreclosure—Contract For Deed, Vendors' Suit to Foreclose, Defence
By Alleged Assignee of Vendee Through Agent, Insufficient
Evidence of Agency, Statute of Frauds, Invalid Assignment—
Assignee's Failure to Comply, Effect.**

In a suit by vendors to foreclose a contract for deed of realty
(defendant vendee, L., having defaulted,) defendant A. inter-
vened, claiming under an alleged assignment of sale contract
from L. to himself; it appearing that an assignment of the
latter contract in blank by L. to one M. had been made and
delivered to M. as security for a loan from him, that M., as-
suming to act as L's. agent, had thereafter negotiated with E.
Company for sale to it of the land, the negotiations culminating
in a written contract between L. and A. assigning said contract
for deed to A., in exchange for a town lot subject to a mort-
gage on the latter; that pursuant to such purported agreement
said assignment was by M. delivered to a bank, the name of A.
having been inserted by him in the blank space, the deal be-
tween M. and A. to be closed on or before a specified date. Be-
fore said date plaintiffs had (under another arrangement with
L.) purchased her equity in the land, she quitclaiming and as-
signing to them all her interest in the land; whereupon M.
notified the bank to return the papers left with it, and notified
E. Company by mail to same effect and that L. refused to carry
out M's contract; the bank however delivering the contract to
A., who tendered deed to the town lot to L., which deed recited
that grantee assumed and agreed to pay the mortgage thereon,
and also tendered performance of the contract for deed, upon
refusal of which A. intervened.  **Held,** there was no competent
evidence to sustain finding in favor of intervener A.; that there
was no competent evidence that M. was authorized by L. to
execute the sale contract with A., which contract was invalid
and void under statute of frauds (Sec. 1236, Rev. Code 1903,
Sec. 856, Rev. Code 1919;) or that he was authorized to insert

A's name in said contract with latter. Nor was the right to take advantage of M's want of authority confined to L.; since, the issue of the assignment of the contract under which A. claimed having been tendered by him in intervention, his allegation of the assignment for value of L's alleged contract to him having been denied by plaintiffs, the burden of proof re said issue was cast on A.; and the quitclaim deed, which is a valid instrument, having placed plaintiffs in vendor's legal shoes. **Held,** further, that, regardless of question of M's authority, A. can not maintain his intervention, since by reason of the insertion in the town lot deed of the recital of assumption of the mortgage (no such provision being in the purported assignment filled in by M.,) A. fails to show compliance with the alleged deal through M.

Appeal from Circuit Court. Hon. Alva E. Taylor, Judge.

Action by William Schoniger and another against Alma E. Logan and A. H. Maas; defendant H. C. Anderson intervening; to foreclose upon a contract for a deed to realty. From a judgment in favor of the intervenor, plaintiffs appeal. Reversed, and action ordered dismissed.

*Sterling & Clark,* for Appellants.

*W. F. Bruell* and *Roy T. Bull,* for Respondents.

Appellants cited, intervention: Schoniger v. Logan, (S. D.) 166 N. W. 226; re Statute of Frauds: Sec. 1249, Rev. Code 1919; Ballou v. Carter, 30 S. D. 11.

McCOY, P. J. Plaintiffs brought this action to bar and foreclose all the right, title, interest, and equities of the defendant Logan in and to certain lands situated in Spink county, under and by virtue of a written contract for a deed between plaintiffs and said defendant. There was no answer by defendant. Anderson, as an intervener alleged that after the commencement of this action the defendant Logan, in writing, for a valuable consideration, assigned and transferred to him all her right, title, and interest in and to said contract for deed, and that he as such assignee had tendered to plaintiffs all sums due under said contract, which plaintiffs refused to receive or accept, and prayed that plaintiffs be compelled to execute and deliver to him a warranty deed of said land. Plaintiffs, by answer to the complaint in intervention, denied that the defendant Logan ever made, executed, or delivered any assignment of said contract for

deed to entervener, and also alleged that after the beginning of this action the defendant Logan and plaintiffs made a settlement whereby plaintiffs paid to defendant the sum of $1,200 for her equity then remaining in said land, under said contract for deed, and in consideration thereof received from her a quitclaim deed, assigning and transferring all her right, title, and equity, under said contract, to plaintiffs. Fndings and judgment were in favor of intervener, and plaintiffs appeal.

The trial court, among others, made a finding to the effect that on the 17th day of March, 1916, defendant Logan, for a valuable consideration, turned over to the Emmet County Bank, Armstrong, Iowa, a written assignment of her contract with the plaintff to the intervener, Anderson, conveying to him all her right, title, and interest in and to said contract, which assignment bore date the 19th day of October, 1915, with instructions to said bank to deliver the same to said intervener, and that on the 27th day of March, 1916, the bank, as agent for said defendant Logan, turned oved and delivered said assignment to the intervener, who has ever since been the owner and holder thereof. Appellants question the sufficiency of the evidence to sustain this finding. We are of the opinion that appellants are right in this contention. The record is voluminous, but, stripped of immaterial matter the salient facts are these:

About the 1st of September, 1913, Mrs. Logan was the owner of the land in question, which was about to be sold to satisfy incumbrances. At that time appellants furnished her money necessary to redeem, took a deed of title from her and gave her back a contract for deed, agreeing to reconvey the land to her when she had made to plaintiffs the payments specified therein. Mrs. Logan defaulted in said payments, and this action was instituted in January, 1916, to foreclose her equity. Prior to appearance in said action by said defendant, on the 24th day of March, 1916, she and the appellants made a settlement by virtue of which appellants paid to her the sum of $1,200 for her equity then remaining in said land under said contract, and she, in consideration of said payment, quitclaimed and assigned all her interest in said contract for deed to appellants. In 1915 Mrs. Logan had made a written assignment in blank of said contract for deed,

and delivered the same to one Maas as security for money loaned to her by Maas. About the 1st of February, 1916, said Maas, who was a real estate dealer of Minneapolis, Minn., assuming to act as agent of Mrs. Logan, who also resided in Minneapolis, entered into negotiations in relation to the sale of the said land with Emmet County Land Company, of Armstrong, Iowa, which negotiations, on the 17th day of March, 1916, culminated in a written contract whereby Mrs. Logan purported to agree that she would assign her said contract for deed to one Anderson, of Armstrong, in exchange for a certain town lot situated in Armstrong subject to a mortgage of $1,500, upon an abstract showing marketable title. Said contract also provided that the papers in connection with said deal should be left with the Emmet County Bank, of Armstrong, and that said deal should be closed on or before the 1st day of April, 1916, at the option of said Anderson. This contract purported to be executed by "Alma E. Logan, by A. H. Maas, Agt." and by H. C. Anderson.

At the time of the execution of this contract Maas was at Armstrong, and delivered to the bank the assignment of the contract for deed that had been delivered to him as security for a loan in October, 1915, and at the time of so delivering the same Maas inserted in the blank the name of H. C. Anderson, as assignee. On the 24th day of March, 1916, at the time appellants purchased the equity from Mrs. Logan, Maas notified the bank at Armstrong to return all papers left with the bank between Logan and Anderson, and the next day mailed letters to the Emmet County Land Company to the same effect, notifying them that Mrs. Logan refused to carry out said contract with Anderson. Several days thereafter the bank of Armstrong delivered said assignment of contract for deed, made in October, 1915, to Anderson, who thereafter tendered a deed to the town lot in Armstrong to Mrs. Logan, reciting that the grantee assumed and agreed to pay the $1,500 mortgage indebtedness, and also tendered performance of the contract for deed to appellants, and then, upon the refusal of Mrs. Logan to accept said deed, and the refusal of appellants to accept performance of said contract for deed, intervened in this action.

The specific contention of appellants is that the evidence is insufficient to sustain said finding, in that there is no competent

evidence to show that Maas, who executed the contract of March 17th in the name of Mrs. Logan, was ever authorized in writing to do so, and that therefore the said contract with intervener was invalid and void under the statute of frauds of this state. We are of the opinion that this contention is well grounded. Section 1238, Rev. Civ. Code 1903; section 856, Rev. Code 1919; Ballou v. Carter, 30 S. D. 11, 137 N. W. 603; Dal v. Fischer, 20 S. D. 426, 107 N. W. 534; Watters v. Dancey, 23 S. D. 481, 122 N. W. 430, 139 Am. St. Rep. 1071; Litchy v. Daggett, 23 S. D. 380, 121 N. W. 862; Jones v. Pettigrew, 25 S. D. 432, 127 N. W. 538; Schumway v. Kitzman, 28 S. D. 577, 134 N. W. 325; Brandup v. Britten, 11 N. D. 376, 92 N. W. 453; Ballou v. Bergsvendsen, 9 N. D. 285, 83 N. W. 10. There is no proper evidence in this case to show that Maas was ever in any manner authorized in writing to sign Mrs. Logan's name to the contract of March 17th; or that he had any authority in writing to insert Anderson's name in the assignment of contract for deed.

In this connection it is contended by respondent that, the contract being valid, although not authorized in writing, no one other than Mrs. Logan could take advantage of the fact that Maas was not authorized in writing to enter into said contract with intervener. For several reasons this contention is not tenable. The issue of the assignment of said contract for deed in favor of Mrs. Logan, under which respondent claims an interest in the subject-matter of this action, the land, was brought into this action by the complaint in intervention, which alleged that Mrs. Logan for a valuable consideration had assigned her contract for deed to intervener, and which allegation was denied by appellants. The burden on this issue was on intervener to establish by competent evidence a valid contract of assignment of said contract for deed as a foundation for any right to relief. There is no question but what the quitclaim deed from Mrs. Logan to appellants of March 24th was a valid instrument, and had the legal effect of placing appellants in her legal shoes, and transferred and assigned to them any and all rights she might have had to question the authority of her alleged agent Maas.

Furthermore, even though the evidence showed full written authority in Maas, and that therefore the assignment was good, and the contract with Anderson perfectly binding yet Anderson

is not in a position to bring this action, because he had never fulfilled his part of the deal, in that the deed to the town lot which he tendered to Mrs. Logan recites that the grantee therein assumes and agrees to pay the $1,500 mortgage indebtedness. The alleged contract of March 17th contained no such provision. Upon this fact alone the judgment of the trial court should be reversed. It is clear, therefore, that the findings and judgment of the trial court are erroneous, and that intervener could not recover upon a new trial.

The judgment and order appealed from are reversed, and the trial court is directed to enter judgment dismissing the complaint; in intervention, with costs.