Argued November 9; affirmed December 30, 1948

# HECKETSWEILER *v.* PARRETT
### 200 P. (2d) 971

*Gordon A. Ramstead* and *Murray D. Agate* argued the cause for appellant. On the brief were Ramstead & Huey and Murray D. Agate, all of Eugene.

*John W. Pennington* argued the cause for respondent. On the brief were Ray & Pennington, of Eugene.

Before ROSSMAN, Chief Justice, and BELT, BAILEY and BRAND, Justices.

BAILEY, J.

Defendant, J. S. Parrett, on April 20, 1946, listed for sale with plaintiff, O. J. Hecketsweiler, a real estate broker, his ranch consisting of approximately 275 acres located in Lane County at the price of $25,000 cash. The listing was non-exclusive and was not for any definite period of time. Among other things the listing agreement provided that "In the event that you [the broker] find a buyer ready and willing to enter into a deal for said selling price and terms, or such other terms and price as I may accept * * * I hereby agree to pay you in cash for your services in connection with the contract a commission equal to 5% of the selling price. I agree to convey said real estate to the purchaser by good and sufficient deed * * * and to furnish either title insurance or a complete abstract showing marketable title and good right to convey. I hereby warrant

that I am the owner of said property, * * * and that my title thereto is a good marketable title.''

On May 1, 1946, plaintiff induced Elmer Hostetler, a prospective purchaser of defendant's ranch, to sign a document, commonly referred to as an earnest money receipt, which reads in part as follows:

"This Agreement Witnesseth, That O. J. Hecketsweiler, hereinafter mentioned as the Real Estate Broker has received of Elmer Hostetler & Virginia S. hereinafter mentioned as the purchaser, the sum of One Thousand five Hundred ($1500.00) Dollars as earnest money and in part payment for the purchase of the following described real estate situated in the City of ——— County of Lane, State of Oregon, and more particularly described as follows, to wit: [Here follows a description of defendant's land] and which said premises above described the real estate broker has this day hereby agreed to sell to the said purchaser for the sum of Twenty Five Thousand ($25000.00) Dollars upon the following terms, to wit: The sum of Fifteen Hundred ($1500.00) Dollars as hereinabove receipted for; and Twenty Three Thousand Five Hundred ($23-500.00) Dollars upon acceptance of title and delivery of on or before June 15th, 1946. It is hereby agreed that the purchaser is to receive the cash rental for the cultivated land for the year of 1946.''

This earnest money receipt was presented on May 1, 1946, by plaintiff to defendant, who objected to signing it on the grounds that it provided (1) for the payment of the balance of the purchase price on or before June 15, 1946, and (2) that the purchaser was "to receive the cash rental for the cultivated land for the year of 1946.''

In his complaint plaintiff, after setting forth that he was a duly and regularly licensed real estate broker

and that defendant had listed the real property with him for sale, alleges as follows:

"That forthwith after the acceptance of said listing and the making of said contract, the plaintiff proceeded to make an effort to sell the said property and advertised the same and went to expense in time and money in an effort to dispose of said property on the terms and conditions that the defendant imposed in said listing and contract and that thereafter while the said listing and contract were in full force and effect, the plaintiff produced a purchaser for said property who was ready, willing and able to buy the said property in accordance with the terms of said listing. That thereupon the defendant refused to proceed to carry out his part of the agreement and refused to execute and cause to be executed the necessary papers to carry out the said transaction."

It is further alleged that plaintiff "has completed the contract and carried out all of its terms so far as he is concerned", and that he has "earned the commission provided for in said listing and agreement, to-wit: the sum of" $1,250. All the foregoing allegations, except as to the qualifications of plaintiff as a real estate broker and the listing of the property with him for sale, are denied by the defendant.

The case was tried before a court and jury and, after both parties had rested, defendant moved for a directed verdict in his favor on the following grounds: (1) That the earnest money receipt did not provide for a cash sale of the land, and (2) that, inasmuch as the earnest money receipt provided that the purchaser was to receive the cash rental for the cultivated land for the year 1946, it did not amount to an acceptance of defendant's offer to sell the land for $25,000 cash.

This motion was granted and plaintiff has appealed from the resulting judgment.

The earnest money receipt signed by Hostetler and presented by plaintiff to defendant, and on which plaintiff relies for recovery of his commission, was not an unconditional acceptance of defendant's offer to sell his ranch. It was conditional since it was not identical with the terms of the offer. One of the conditions of the acceptance was that the prospective purchaser was to be given credit for the $400 which defendant had received in the fall of 1945 as rental for a small portion of the ranch for the ensuing crop season. Then there was the further condition that the offeree should have until June 15, 1946, forty-five days after his acceptance, in which to complete payment of the purchase price instead of making such payment concurrently with the delivery of the deed to him.

■ In 8 Thompson on Real Property, Perm. Ed., § 4558, p. 477, it is stated as follows:

"The offer must be accepted unconditionally and unequivocally. There must be a strict compliance with the terms of the offer. If the terms of the offer are changed or any new ones added by the acceptance, there is no meeting of the minds and, consequently, no contract. The assent must be absolute and final. There was not an unconditional assent where the prospective purchaser stated that the papers were to pass when the vendor was ready to vacate and the vendor insisted on immediate payment and execution of the deed. * * * The one who makes an offer can not be bound by a conditional acceptance. Not only must the acceptance be unconditional but it must be identical with the terms of the offer. It must not vary from the proposal either by way of omission, addition, or alteration. * * *"

■ To the same effect see 1 Page on Contracts, 2nd Ed., § 184, p. 265; 1 Restatement of the Law of Contracts, § 60, p. 66; *Ellingsworth v. Shannon,* 161 Or. 106, 88 P. (2d) 293; Annotation, 149 A. L. R. 205, et seq. The insertion, however, of a condition in the acceptance which merely expresses "what would be implied in fact or in law by the offer does not preclude the consummation of the contract, since such a condition involves no qualification of the acceptor's assent to the terms of the offer." 149 A. L. R. 211. The mentioned conditions included in the purported acceptance were not such as would be implied in defendant's offer.

■ The listing provided for a cash sale. Such a sale is defined as one conditioned on payment concurrent with delivery of the deed. *Mears v. Biddle.* 122 Me. 392 120 A. 181; *In re Union Central Life Ins. Co.,* 208 La. 253, 23 So. (2d) 63, 68; *Pomeroy v. Hogle,* 63 Ariz. 91, 159 P. (2d) 792; 11 C. J., Cash Sale, p. 24, 14 C. J. S., Cash Sale, P. 21; *Anderson v. Wallowa National Bank,* 100 Or. 679, 698, 198 P. 560. In the last mentioned case this court, in referring to the terms of a contract requiring payment in cash, observed:

"* * * It is not enough that he [the prospective purchaser] has property out of which the money could be made: Waters v. Dancey, 23 S. D. 481 (122 N. W. 430, 139 Am. St. Rep. 1071); Dent v. Powell, 93 Iowa 711 (61 N. W. 1043). It is required that he be able simultaneously with the delivery of the deed to pay the money. Such transactions are not done in the twinkling of an eye. The defendants should have time to write their deed and execute it. The purchaser should be able with similar promptness to furnish the money, and for the consummation of the transaction it is required that it be cash."

The earnest money receipt provided that the owner

of the listed property would "furnish either title insurance or a complete abstract showing marketable title and good right to convey." There was therefore an implied understanding that the prospective purchaser would have a reasonable time after receipt of the abstract of title or the policy of title insurance in which to examine the title to the property. The earnest money receipt specified ten days for such examination. However, the clause in the proposed acceptance stipulating for the payment of the balance of the purchase price on or before June 15, 1946, was not referable to the time allowed the prospective purchaser for the examination of the title to the property or to the time of the delivery of the deed. It was a time arbitrarily fixed by the offeree to suit his own convenience.

██ Under the provisions of the listing agreement defendant promised to convey the real property to the purchaser by good and sufficient deed, free of all encumbrances. A lease of the land, which by its terms would not expire until some time after the delivery of a deed for the property, would be an encumbrance upon the property and it would be defendant's duty to remove the same in the event of sale. The prospective purchaser's acceptance of defendant's offer was contingent upon the allowance to him of the full cash rental paid by the lessee, to wit, $400. It was not an unconditional acceptance. The purported acceptance by the offeree, being conditional, constituted a counter-offer. See list of authorities hereinbefore first cited.

██ The plaintiff argues that since the listing agreement "specifies no time as to the duration of the broker's authority to sell, then the rule is that the broker has a reasonable time in which to accomplish the object of the agency" and that "what is a reason-

able time is a question for the jury." These matters are not before us for determination for the reason that they are not within the issues as formed by the pleadings. The only question presented by the pleadings is whether or not plaintiff produced a purchaser ready, willing and able to buy defendant's property "in accordance with the terms of" the listing agreement.

■ We have considered all the contentions made by plaintiff in his brief and are of the opinion that the Circuit Court did not err in directing a verdict in favor of defendant. In arriving at this conclusion we have viewed the evidence in the light most favorable to the plaintiff.

The judgment appealed from is affirmed.