Argued January 18, affirmed March 1, 1961

OWEN ᴇᴛ ᴜx *v.* MARIOTT

359 P. 2d 905

*Gordon A. Ramstead,* Eugene, argued the cause for appellant. With him on the brief was Bruce R. Avrit, Eugene.

*Thomas E. Brownhill,* Eugene, argued the cause for respondents. With him on the brief were Riddlesbarger, Pederson, Brownhill & Ingerson, Eugene.

Before McAʟʟɪsᴛᴇʀ, Chief Justice and Wᴀʀɴᴇʀ, Sʟᴏᴀɴ, O'Cᴏɴɴᴇʟʟ and Lᴜsᴋ, Justices.

SLOAN, J.

The trustee in bankruptcy has been substituted for defendant on this appeal. For purposes of convenience we will refer to defendant as though it were Simmons individually.

Plaintiffs as the owners and defendant as operator were parties to a timber cutting contract. The contract was executed in April 1957. It required defendant to remove all of the timber from land owned by plaintiffs before December 1, 1958. The contract also required defendant to deliver the better grades of logs to a United States Plywood Corporation mill. Defendant began operation in May 1957. In early January 1958, plaintiffs required defendant to stop operations —charging a violation of the performance requirements of the contract. Plaintiffs then filed this action for damages alleged to have resulted from defendant's failure to perform. Defendant denied the failure to perform and by counterclaim plead an action for damages because of plaintiffs' alleged wrongful termination of the contract. The trial court submitted the cause to the jury. The jury returned a verdict for defendant on his counterclaim. The court then allowed a judgment n.o.v.; defendant appeals.

The crucial terms of the contract relate to the speed or rate of cut which defendant obligated himself to perform. The contract, a do-it-yourself product of the parties, provided:

"4. TIME OF REMOVAL: Simmons agrees to commence operation by May 1, 1957 and complete removal of said timber on or before Dec. 1, 1958. [H]e shall continue working five (5) days per week thereafter May 1, 1957 or until the winter rains stop the operation or unless stopped by humidity during the summer months and log and mill no less than 75,000' per week average after May 1st of this year."

Plaintiffs charged defendant with failure to perform this provision of the contract as well as the provision thereof relating to the delivery of logs to the

United States Plywood Corporation. For our purposes the provision relating to the amount cut is decisive.

The paragraph quoted from the contract was ambiguous. However, by the pleadings and evidence submitted the parties placed their own interpretation on the contract. In their complaint plaintiffs alleged that the quoted provision required cutting of a minimum amount of 75,000 feet each week that weather did not present interruption. Defendant plead that the contract required an average cut of 75,000 feet including weeks when he could not work. He then alleged that he had fully performed and "did log or mill not less than 75,000 board feet per week on an average from said time of commencing said work until stopped by the plaintiffs under the said contract." In other words, defendant alleged full performance.

Plaintiffs' motion for a directed verdict against defendant's counterclaim was based on defendant's failure to prove the allegations of performance on his part. The court refused to direct the verdict but with leave to renew the motion after verdict. This was done and, as before stated, the court then allowed the motion for judgment n.o.v. He did so because of the failure of defendant to prove the allegation of performance on his part. The result of the final judgment was that neither party recovered from the other. There was no cross appeal.

On this appeal defendant changes his position and alleges two theories not presented to the trial court until after verdict. One, that the controversial provisions of the contract permitted him to have until December 1, 1958, to remove all of the timber and that the 75,000 feet per week average was to be for the full life of the contract. Secondarily, he argues that

weather conditions and actions of the plaintiffs prevented his performance and thereby excused his failure to perform.

Defendant wants us to retry the case on a what-might-have-been theory and consider issues not presented to the trial court. We decline to do so. *Hecketsweiler v. Parrett,* 1948, 185 Or 46, 53, 200 P2d 971; *Anderson v. Phegley,* 1915, 74 Or 388, 398, 145 P 642. Defendant failed to prove the allegations of his counterclaim. The failure of proof was not the result of any challenged ruling of the court or instruction to the jury. Instead, we are asked to construe the contract and either resolve the ambiguities in a way that will give defendant greater running room or find the means to excuse his failure to perform. "We are firmly of the opinion that, in reviewing a case on appeal, we should confine ourselves to the theory upon which it was tried in the lower court." *Pelton v. Gen. Motors Accept. Corp.,* 1932, 139 Or 198, 208, 7 P2d 263, 9 P2d 128.

Both parties were afforded a fair trial on their own terms and within the issues each presented. No litigant is entitled to more. *Timmins v. Hale,* 1927, 122 Or 24, 32, 256 P 770. The judgment is affirmed.