Argued June 11, affirmed July 15, 1965

# JOHNSON *v.* BENEFICIAL FINANCE
## CO. ET AL
404 P. 2d 198

*Harold D. Gillis,* Eugene, argued the cause for appellant. On the brief were Butler, Husk & Gleaves, Eugene.

*Roy Dwyer,* Eugene, argued the cause for respondent. On the brief were Dwyer & Keutzer, Eugene.

Before McAllister, Chief Justice, and Sloan, Goodwin, Holman and Lusk, Justices.

## SLOAN, J.

This was an action for conversion of plaintiff's personal property. Plaintiff recovered a large verdict for punitive as well as compensatory damages against defendant Beneficial Finance Company. Beneficial appeals. The only issue on appeal is based upon the court's refusal to withdraw the question of punitive damages.

Plaintiff and his wife had borrowed from defendant and had given a mortgage on an automobile and certain household goods to secure the debt. Plaintiff defaulted. Because of a separation from his wife, the goods were stored in a private garage building. In addition to the mortgaged goods plaintiff had also stored in the garage articles of clothing, tools and other items of personalty, not covered by the mortgage.

After his default plaintiff signed a release authorizing defendant to possess the mortgaged goods and sell them. When defendant took the goods, it emptied the garage and took all of plaintiff's property.

When plaintiff learned that his goods were taken he immediately asked a responsible officer of defendant for their return. There was undisputed testimony that he was told he could have the unmortgaged goods only upon payment of the debt. The goods were sold. This action and the verdict resulted.

■ Defendant's refusal to return the property to which it had no right, after knowledge, was sufficient to enable the court to rule that the evidence "* * * presented an issue [of willful disregard of plaintiff's property rights] for decision of the jury." *Fowler v. Courtemanche et al,* 1954, 202 Or 413, 451, 274 P2d 258. In *Pelton v. Gen. Motors Accept. Corp.,* 1932, 139 Or 198 at 204, 7 P2d 263, 9 P2d 128, a case involving the unwarranted repossession of an automobile, we said: "Furthermore, there was no disposition on the part of defendant to correct the mistake when fully advised that one had been made." This was taken to demonstrate an aggravated disregard of Pelton's property rights.

The court properly refused to withdraw the issue of punitive damages. *Van Lom v. Schneiderman,* 1949, 187 Or 89, 108, 210 P2d 461, 11 ALR2d 1195.

■ On this appeal defendant attempts to assert other defenses that were not presented to the trial court in any form. These will not be considered. *Owen et ux v. Mariott,* 1961, 226 Or 323, 359 P2d 905.

Affirmed.