Argued November 20, affirmed December 22, 1975

GABLE ET AL, *Appellants, v.* STATE EX REL
STATE WILDLIFE COMMISSION
(No. L 6093), (CA 4605), *Respondent.*
543 P2d 1101

*Claud A. Ingram,* John Day, argued the cause for appellants. With him on the brief were Roy Kilpatrick and Ingram & Schmauder, John Day.

*Edward Warren,* Portland, argued the cause for respondent. With him on the brief were Hershiser, Mitchell & Warren, Portland.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Plaintiffs, in a brief, two-paragraph complaint filed in circuit court, alleged that the defendant State of Oregon, by and through its State Wildlife Commission,[1] "pastured a large herd of its deer on plaintiffs' alfalfa fields, * * * to plaintiffs' damage in the sum of $2,000," and that "[p]laintiffs have filed their timely claim for such damage but defendant has not paid it or any part thereof."

Defendant demurred to the complaint on four grounds: (1) The circuit court has no jurisdiction over the subject matter of the action; (2) plaintiffs do not have legal capacity to sue; (3) the complaint fails to state a cause of action; and (4) plaintiffs' claims involve the performance of discretionary acts for which defendants are immune.

The trial court sustained defendant's demurrer. The record does not, however, indicate the particular

---

[1] Oregon Laws 1975, ch 253, abolished the State Wildlife Commission and the Fish Commission of the State of Oregon. The State Fish and Wildlife Commission succeeds to and is vested with all the duties, functions and powers of the above two commissions, effective July 1, 1975.

grounds on which the demurrer was sustained. When plaintiffs declined to plead further, the court entered an order dismissing the case, from which plaintiffs appeal.

At oral argument before this court, plaintiffs' counsel contended in substance that the state, by enacting game laws and by assuming the management and protection of wild game, became responsible for the conduct of the deer in question. Plaintiffs' counsel argued that this court should, on the basis of these statutes, decide whether the state is liable in damages for the alfalfa allegedly eaten by the deer.

It appears from plaintiffs' complaint that plaintiffs are seeking to recover damages from the state under the provisions of the Oregon Tort Claims Act. ORS 30.265 et seq.

■■ Persons seeking to maintain actions against public bodies must do so in strict compliance with statutory provisions. *Baker v. State Bd. of Higher Education,* 20 Or App 277, 531 P2d 716, Sup Ct *review denied* (1975). Since the right to sue the state is statutory in its origin, and the filing of the claim in substantial compliance with the statute is made a condition precedent to the filing of the action, the complaint must allege presentation according to the statutory requirement. This allegation is jurisdictional. ORS 30.275;[2] *Baker v. State Bd. of Higher*

---

[2] ORS 30.275 provides:

"(1) Every person who claims damages from a public body for or on account of any loss or injury within the scope of ORS 30.260. to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. * * *

"* * * * *

*Education,* supra; *Fry v. Willamalane Park & Rec. Dist.,* 4 Or App 575, 481 P2d 648 (1971).

■ It is our conclusion that plaintiffs' complaint fails to allege facts sufficient to meet the requirements of ORS 30.275(1), which directs written notice of the claim "to be presented to the public body within 180 days after the alleged loss or injury." ORS 16.260(6). Plaintiffs' counsel asks us in effect to supply the missing allegations necessary to plaintiffs' theory, and to rule on the matter. This we cannot do.

■ Where issues argued by counsel on appeal are not properly raised by the pleadings we have no authority to supply the deficiencies and adjudicate those issues. *Hecketsweiler v. Parrett,* 185 Or 46, 200 P2d 971 (1948); *Ison v. Sturgill,* 57 Or 109, 109 P 579, 110 P 535 (1910). However, as we held in *Baker v. State Bd. of Higher Education,* supra, plaintiffs may be allowed to plead and prove the required notice if they can.

Affirmed.

---

"(3) *No action shall be maintained unless such notice has been given* and unless the action is commenced within two years after the date of such accident or occurrence. The time for giving such notice does not include the time, not exceeding 90 days, during which the person injured is unable to give the notice because of the injury or because of minority, incompetency or other incapacity." (Emphasis supplied.)