## M. F. FLYNN, Appellant, v. ED. JORDAL.

**Sale of land:** COMMISSION: INSTRUCTION. In a suit for commission for the sale of land, an instruction, that if the purchasers were accepted by defendant as sufficient and satisfactory plaintiff could recover, if not it must appear that they were ready, able and willing to perform the contract, was inconsistent with another instruction that the contract was ratified by defendant and as binding as though signed by him.

**Commissions:** DUTY OF AGENT. An agent, to earn his commission for services in finding a purchaser of land where the sale is not consummated, must procure a valid obligation to buy and tender it to the vendor, or bring the parties together so that a sale may be made if the vendor elects.

**Unilateral contract.** An unilateral contract, when tendered, is evidence of the purchaser's willingness to buy, but not of his ability.

**Commission:** WHEN EARNED. The execution or ratification by the principal of his agent's unauthorized contract, entitles the agent to his commission under an agreement to find a purchaser, though the contract may never be carried out.

**Ratification of agent's contract:** INSTRUCTION. Where the circumstances are such that the jury may find the vendor's acceptance of an unilateral contract to purchase land, conditional, it was error to instruct that the contract had been ratified.

**Sale of land:** COMMISSION. When a purchaser withdraws his offer to buy before acceptance and so advises the vendor or his agent, or,

where a reasonable time has elapsed within which the vendor ought to have accepted, or, if the acceptation was conditional, the contract is not binding, and the agent cannot recover a commission without showing that at the time of tender of the contract the vendee was ready, able and willing to buy.

*Appeal from Winnebago District Court.*— HON. C. H. KELLY, Judge.

TUESDAY, JULY 12, 1904.

ACTION for commission alleged to have been earned in finding a purchaser for land. Judgment for defendant, and the plaintiff appeals.— *Reversed.*

*Andrew Miller* and *John Ott,* for appellant.

*Patterson & Gorden,* for appellee.

LADD, J.— The plaintiff was to receive a commission of $1 per acre for finding a purchaser of the defendant's farm in Minnesota. On the 23d day of August, 1901, he induced William and Frank Schultz to sign a contract agreeing to purchase the land at the price proposed, paying $10 in cash and promising to pay " $500 on or before October 1, 1901, balance of equity due Ed Jordal, to be paid on or before March 1, 1902." They were to assume the incumbrance on the land, and Jordal to furnish an abstract showing clear title, save the incumbrance, and " to execute and deliver to William Schultz and Frank Schultz warranty deed to premises above described as soon as same can be procured." To this contract plaintiff attached defendant's name, though without authority. The defendant was notified by telegram; and in a letter on the 27th day of August, in response, approved of the sale, save that he suggested more than $10 should be paid before October 1st, and advised that no contract be given unless enough should be paid down to make it a sure sale. Nothing more was heard from him until he returned to Buf-

falo Center some time in October, though plaintiff had urged him to hurry up with the abstract, and notified him on the 30th day of September that the Schultzes had deposited $500 in a bank with which to make the payment of October 1st. Such deposit had been made, and was allowed to remain until some time in November. Shortly after the defendant's return he concluded to complete the sale, and proceeded to obtain the abstract. Before he had procured it, the Schultzes had withdrawn the money, and given up ever being able to acquire the land. Whether this was owing to the dilatory tactics of the defendant or because of the discovery that defendant's " equity " was more than was anticipated, is in dispute. If they subsequently offered to complete the purchase, it was upon plaintiff's assurance that Jordal would not sell, and not in good faith. Thereafter defendant threatened the Schultzes with a suit for damages unless they would complete the deal.

The court, in the fifth instruction, advised the jury that, if the purchasers were accepted by defendant " as being sufficient and satisfactory to him," the verdict should be for plaintiff; if not, then, in order to warrant recovery, 1. COMMISSIONS: instructions. it must be made to appear that " such purchasers were ready, willing, and able to perform their part of said contract within a reasonable time from the time named in said contract." This was inconsistent with the fourth instruction — that the contract " was subsequently ratified and confirmed by defendant, and the same was and is as binding upon the defendant as though the same had been signed by him."

In *Johnson Bros. v. Wright*, 124 Iowa, 61, we held that, to earn his commission for services rendered in finding a purchaser of land, where no sale is actually consummated, 2. COMMISSIONS: duty of agent. the agent must either procure a valid obligation to buy, and tender it to the vendor, or bring the proposed purchaser and the vendor together, so that a contract of sale may be entered into if the latter so elects.

The contract, though unilateral when so tendered, is *prima facie* evidence of the purchaser's readiness and willingness to buy, but furnishes no indication of his ability to perform its conditions. See *Kalley v. Baker,* 132 N. Y. 1 (29 N. E. Rep. 1091, 28 Am. St. Rep. 542); *Iselin v. Griffith,* 62 Iowa, 670.

3. UNILATERAL CONTRACT.

It is then for the principal to decide whether the purchaser is acceptable, precisely as when the purchaser is presented personally; and if he executes the contract on his part, or ratifies the act of his agent, though unauthorized, in attaching his name thereto, it is as binding upon him as when the parties are brought together and themselves enter into an agreement of sale on the terms proposed or as then agreed upon. The contract of sale serves the same purpose and is as binding in the one case as in the other. Indeed, the sole reason for not requiring the presence of the purchaser when the contract proposed is tendered, is that the principal may make it a binding agreement of sale by signing it, or approving his signature attached thereto by another. The party entering into an enforceable contract to buy becomes a purchaser, within the meaning of the agreement between the principal and agent to find a purchaser, even though the terms of the contract are never carried out. *Francis v. Baker,* 45 Minn. 83 (47 N. W. Rep. 452); *Goss v. Stevens,* 32 Minn. 472 (21 N. W. Rep. 549); *Keys v. Johnson,* 68 Pa. 43; *Love v. Miller,* 53 Ind. 294 (21 Am. Rep. 192); *Pearson v. Mason,* 120 Mass. 53; *Kalley v. Baker, supra; Potvin v. Curran,* 13 Neb. 302 (14 N. W. Rep. 400); *Burns v. Oliphant,* 78 Iowa, 456 (23 Am. Eng. Ency. of Law, 902 *et seq.*). In *Greusel v. Dean,* 98 Iowa, 405, the commission was contingent on the disposal of the property, and it was held that "the commission was not earned when the parties entered into a contract of sale, when, by reason of failure of title in the purchaser to land he is to deed the seller, he is unable to comply with his contract." This was for the reason that the contract was not enforceable,

4. COMMISSIONS: when earned.

and therefore there was no "disposal" of the property. The decision recognized the principle stated, and is not inconsistent therewith.

It cannot be said, as a matter of law, however, that defendant had accepted the Schultzes as purchasers. He objected to making a contract at the beginning because enough had not been paid down, and then, after his return, concluded to carry out its terms at about the time they gave up buying. The circumstances shown indicate that he may have concluded to perform his part if they proved able to perform theirs, and this did not necessarily involve an unqualified acceptance of them as purchasers. He would sell if they could buy. There is no reason for saying that when an unilateral contract of purchase, or instead the purchaser himself, is presented to the vendor, the latter may not, if he be doubtful as to the proposed vendee's ability to do as promised, or on some other grounds, accept conditionally, and agree to sell providing the purchaser proves himself able to perform the condition proposed. The circumstances were such that the jury might have found that this was the attitude of the defendant, and therefore the court was in error in instructing that the contract had been ratified, and the issue as to acceptance was rightfully submitted, though not with proper explanations.

It should be added that the record leaves it in doubt whether the Schultzes had not given up taking the land before Jordal concluded to sell. Of course, they had a right to withdraw their offer at any time before it was accepted, and if they took their money from the bank and advised either Jordal or the plaintiff that they had given up taking the land before defendant accepted the contract tendered, if he so did, or, in the absence of such advice, a reasonable time had elapsed within which Jordal ought to have accepted, then it would not be binding on either party. In that event, or if acceptance was merely conditional, there can be no recovery, unless it was made to appear that the pro-

*[margin note: 5. RATIFICATION OF AGENT'S CONTRACT: instruction.]*

*[margin note: 6. SALE OF LAND: commissions.]*

posed purchasers, at the time the contract was tendered, were ready, able, and willing to buy the land on the terms proposed by the defendant. The issues as outlined were not fully explained to the jury, and for this reason a new trial must be awarded. Enough has been said to indicate that the rulings on the admissibility of evidence were correct. The transcript sustains appellant's claim that exceptions were taken to the instructions. If erroneous, it should have been corrected in the district court. It must be accepted as a verity here.— Reversed.