M. F. McGinn, Appellant, v. H. E. Garber, Appellee.

**Sale of land:** commissions. A real estate broker who contracts to procure a purchaser for land must produce one ready, able, and willing. to perform his contract, and on default of the purchaser such agent must show that the contract was enforcible before he can recover his commission. Evidence considered and held insufficient to entitle the broker to his commission under the rule.

*Appeal from Scott District Court.*— Hon. J. W. Bollinger, Judge.

Wednesday, November 16, 1904.

Action to recover commission for the sale of land. From a judgment against him for costs on a directed verdict, the plaintiff appeals.— *Affirmed.*

*Frank P. McGinn,* for appellant.

*J. S. Darling* and *Carroll Bros.,* for appellee.

Weaver, J.— The following facts are conceded: The defendant authorized plaintiff to sell a tract of land in Scott county, Iowa, agreeing to pay a commission of 3 per cent. in case a sale was effected. The price and terms of sale were not expressed, but were left for future adjustment. Plaintiff introduced to defendant as a prospective purchaser one Haenitsch, a resident of Illinois. After some negotiation defendant and Haenitsch entered into a written agreement dated June 9, 1902, by which the latter agreed to purchase the land and pay therefor $9,600 on or before the 1st of July, 1902, upon the delivery to him of deed and abstract showing good title in the seller. It was conditioned, however, that, if the purchaser had no more than $8,000 in money when the deed was delivered, he should be given time on the remainder until March 1, 1903. The plaintiff, by his pleadings, alleges that Haenitsch was ready, able and willing to complete the purchase of the land according to contract, and would have done so had defendant complied with the agreed terms on his part. The defendant denies the plaintiff's claim. He alleges that at the time agreed upon he executed and tendered a deed to Haenitsch in accordance with the terms of the contract, but the latter refused to accept the conveyance or pay the money, and that plaintiff wholly failed to produce any purchaser who was ready, able, and willing to take the land at the price demanded.

The evidence tended without controversy to show that at the time of entering into the written contract Haenitsch requested that the deed and abstract, when made, be sent to a certain bank at his home in Illinois for delivery. Shortly thereafter defendant did send the papers, directing the bank to collect and remit the agreed purchase price. If any exceptions were taken to the abstract, they were quickly obviated. On appearing at the bank, Haenitsch claimed the right to exercise his option to pay but $8,000 in cash, and on being notified of this fact plaintiff prepared and sent to the bank a note and mortgage for him to execute, with instructions to the bank to deliver the deed on receipt of $8,000 and the note and mortgage properly executed. Haenitsch again objected to accepting the deed because it was acknowledged before a justice of the peace, and at his request defendant made and forwarded another deed acknowledged before a notary public. It appears, however, that Haenitsch had become dissatisfied with his purchase, and finally refused to accept the deed or pay the money, and the sale has never been consummated. The only question presented by the appeal is whether the evidence introduced upon the trial was such that the cause should have been submitted to the jury.

After a careful investigation of the record, we are of the opinion that the ruling of the court below was right, and that a verdict in plaintiff's favor would have been without substantial support. He alleged and was bound to show that the purchaser was ready, able, and willing to perform. It appears without conflict that the alleged purchaser resides beyond the jurisdiction of the courts of this State, and, while he says that at the date agreed upon for the delivery of the deed he had $8,000 with which to make the cash payment, there is no evidence tending to show that he owns or has any property out of which a judgment for the purchase price could be enforced. In short, the evidence clearly shows that he was not willing to consummate the purchase,

and there is no evidence from which his financial ability to do so can be found. If it could be found that the failure to consummate the sale was due to defendant's fault, then the fact, if it be a fact, that Haenitsch was on hand with $8,000 in money, ready and willing to pay it over and complete the purchase, would entitle plaintiff to recover his commissions, even though the money was furnished to Haenitsch by some other person, and the question of the purchaser's financial responsibility would be wholly immaterial. But finding, as we do, that defendant was ready and willing to perform on his part, and did all, and even more, than could properly be required of him to induce Haenitsch to accept the conveyance, it was necessary to show that the contract was enforceable according to its terms in order to impose liability upon him for plaintiff's services. The objection made by Haenitsch to the first deed because it was acknowledged before a magistrate was frivolous, and when thereafter another deed was made, acknowledged before a notary public, and he was offered his choice of them, he finally revealed his purpose to repudiate his contract.

It is urged in argument that the purchaser was at the bank on July 5, 1902, ready to complete the purchase, but failed to do so because the defendant had directed the bank to collect the full purchase price of the land, and gave no directions to allow him any time for payment of the excess over $8,000. The claim is not well founded. The purchaser had not notified defendant of his purpose or desire to take advantage of this option, and defendant had neglected to mention that feature of the contract to the bank. On being notified, he immediately sent word to allow the claim and accept the $8,000. The delay, if any, thus occasioned did not serve in the least to release Haenitsch from his contract. But it is not true that this circumstance caused any delay. Haenitsch at the same time refused to receive the deed upon the groundless objection already mentioned, and caused it to be returned for correction, and the

new deed and the authority to accept the $8,000 were refor-warded to the Illinois bank within a reasonable time, when Haenitsch utterly refused to proceed farther. It seems hardly necessary to say that this was not the kind of a pur-chaser which plaintiff is presumed in law to have under-taken to produce. The legal propositions presented by the record before us are governed in great part by our decision in *Snyder v. Fidler,* 125 Iowa, 378, decided at the present term, and the authorities therein collated.

The judgment of the district court is *affirmed.*