THE SHERBURN LAND COMPANY, Appellant, v. JOHN SEXTON, Appellee.

**Brokers:** ACTION FOR COMMISSION: PROOF. Under a contract to procure a purchaser for land, a broker must not only show that the proposed purchaser was ready and willing to buy on the terms stated, but that he was financially able to do so.

*Appeal from Buchanan District Court.*— HON. FRANKLIN C. PLATT, Judge.

WEDNESDAY, MARCH 7, 1906.

THIS action arises out of a transaction having relation to real estate, and the demand is for judgment in a sum alleged to be due as agent's commissions. There was a directed verdict in favor of defendant, followed by a judgment against plaintiff for costs. Plaintiff appeals.— *Affirmed.*

*Cook & Leach* and *Roy A. Cook,* for appellant.

*E. M. Thompson* and *Springer & Smith,* for appellee.

BISHOP, J.— Defendant resides in Buchanan county, and in February, 1904, he was the owner of a tract of three hundred and twenty acres of land in Beadle county, S. D. On February 5th he signed an instrument in writing whereby he agreed to pay plaintiff, in case the latter should procure a purchaser for said lands, a commission of 50 cents per

acre. By the writing a valuation of $29.50 per acre was put on the land, and it was further agreed that, if sold to a purchaser procured by plaintiff at a price in excess of the valuation fixed, a sum equal to such excess should also be paid plaintiff. It is alleged that plaintiff is a partnership composed of J. A. Tracy and T. J. O'Donnell, of Iowa, and Thomas Kidman, of South Dakota. The habitance of such partnership does not appear. In April, 1904, the company wrote defendant from Sioux Rapids to the effect that a purchaser for the land in the person of one W. C. Preston had been found, and that he (Preston) would pay $32 per acre. To such letter defendant answered, giving authority to close the deal. In compliance therewith plaintiff prepared a contract, and, with the purported signature of Preston thereon, the same was sent to defendant, who signed and returned the same to plaintiff. One of the provisions of such contract was that an abstract of title should be furnished by defendant within thirty days. Defendant did not succeed in getting an abstract completed within the time limit fixed, and promptly on the expiration of the thirty days plaintiff wrote defendant that Preston would not take the property on account of the failure to furnish abstract on time. There was inclosed what was said to be a copy of a letter from Preston to plaintiff to that effect. The letter from Preston purported to have been written at Sioux Rapids, and was addressed to Tracy, secretary of the plaintiff company, at Spencer, Iowa. Plaintiff thereupon demanded of defendant the sum of $960 as commissions earned on the deal, and, payment being refused, this action was commenced.

There was no attempt made on the trial to identify Preston. Conceding that such a person existed in fact, there is not a word as to his financial standing, and hence as to his ability to have carried out the contract. That plaintiff might recover, it was incumbent upon it not only to prove that the proposed purchaser found by it was ready and will-

ing to purchase upon terms proposed, but that he was financially able to do so. *Iselin v. Griffith,* 62 Iowa, 668; *Snyder v. Fidler,* 125 Iowa, 378. As plaintiff did not sustain the burden of making the required proof, the verdict against it was rightly directed, and the judgment must be and it is *affirmed.*