J. A. TRACY, Appellant, v. A. C. FOBES.

Sale of land on commission: ISSUES AND PROOF. To entitle a real estate broker to recover on a contract providing for a commission for finding a purchaser he must allege and prove that the proposed purchaser was ready, able and willing to complete the purchase according to the terms of the contract.

*Appeal from Wright District Court.*— HON. J. R. WHITAKER, Judge.

MONDAY, NOVEMBER 19, 1906.

SUIT to recover a commission for the sale of real estate. There was a directed verdict for the defendant from which the plaintiff appeals.— *Affirmed.*

*Nagle & Nagle,* for appellant

*Porter Donly,* for appellee.

SHERWIN, J.— This action was brought on a written agreement to pay a commission if the plaintiff found a purchaser for the defendant's land. There is no dispute as to the contract, nor is there any question that the plaintiff found a man by the name of Ritchie who was willing to and did execute a written contract for the purchase of the land, which provided for a cash payment of $50 and the balance in deferred payments. The cash payment was to be made at Eagle Grove, Iowa, and by subsequent direction of the defendant, at a certain bank. The contract for the land was prepared by the plaintiff and mailed to the defendant who executed the same in duplicate, and returned one copy thereof to the plaintiff, for delivery to the proposed purchaser.

The plaintiff lived in Spencer, Iowa, at the time and, a few days after the defendant had sent him the contract, he wrote to the defendant advising him that $50 had been paid to him, the plaintiff, on the contract, and asking that he be permitted to retain it and apply it on his commission. The defendant would not agree to that, whereupon the plaintiff returned to him the abstract of title which the contract called for with a letter stating that he would have nothing more to do with the matter, and demanding payment of the agreed commission less the cash payment of $50 which he retained and still has, if in fact such was ever paid

to him. In answer to the plaintiff's letter the defendant wrote that he should insist upon the strict terms of the contract, and that he would forward the abstract of title to the other party when the cash payment was made according to contract. The plaintiff was also advised in the same letter that the defendant was ready to perform his contract with the other party and pay the plaintiff his commission when it was earned. This letter seems to have ended the matter, so far as the sale of the land was concerned, and very soon thereafter this action was brought; the plaintiff pleading the contract of employment and sale and alleging that Ritche was an acceptable and satisfactory purchaser to defendant, and that he was ready, able, and willing to purchase the land at the price agreed upon in the contract; and further, that his services as a broker were complete and his commission earned. The defendant admitted the execution of the two contracts, but specifically denied the other allegations of the petition. Upon the trial the plaintiff put in evidence the two contracts and rested; and after the introduction of the defendant's evidence the court directed a verdict for the defendant. The direction was in exact accord with the rule that has repeatedly been announced by this court. Recovery cannot be had in cases where the contract provides a commission for finding a purchaser, unless the plaintiff not only alleges, but proves that the purchaser so found was able, ready, and willing to complete the purchase according to the terms of the contract. *Snyder v. Fidler,* 125 Iowa, 378; *Dent v. Powell,* 93 Iowa, 711; *Iselin v. Griffith,* 62 Iowa, 668. It is true we have held that where a broker produces a purchaser who enters into a contract with the owner, which the latter can enforce according to its terms, he is entitled to his commission; but such holding in no way conflicts with the rule requiring the broker to prove that the contract was enforceable. The financial ability of the purchaser will not be presumed. It must be proven by the broker. Snyder v. Fidler, *supra.; Greusel v. Dean,* 98 Iowa, 405,

Appellant's counsel urge that *Flynn v. Jordal,* 124 Iowa, 457, is in conflict with this view. But in this they are clearly mistaken. We there said that the production of a signed contract was *prima facie* evidence of willingness to buy, but it furnishes no indication of ability to comply with the conditions of the contract; and this was said in discussing a question of agency not involved in the present case.

The judgment is right, and it is *affirmed.*