M. M. NAGL, Appellant, v. IRA SMALL.

Agency: REAL ESTATE BROKERS: COMMISSIONS: WHEN EARNED. Where a real estate agent is employed to find a purchaser for property at a stated price, and the owner enters into a valid contract of sale with a purchaser produced by him at the price stated, payable in installments, the broker becomes entitled to his commission upon completion of the contract and payment of the first installment, and is not required to wait therefor until full performance and

payment of the entire purchase price, in the absence of any agreement so to do. Overruling the case of Snyder v. Fidler, 125 Iowa 378.

WEAVER AND EVANS, JJ., dissenting.

*Appeal from Carroll District Court.*—HON. F. M. POWERS, Judge.

THURSDAY, DECEMBER 12, 1912.

ACTION to recover a commission for the sale of land. At the conclusion of the evidence for the plaintiff, the court, on defendant's motion, directed a verdict in his favor, and from judgment on this directed verdict the plaintiff appeals. —*Reversed.*

*E. A. Wissler,* for appellant.

*Lee & Robb,* for appellee.

McCLAIN, C. J.—The evidence introduced for the plaintiff tended to show that in August, 1909, defendant requested the plaintiff to find a purchaser for defendant's farm of two hundred and fifty-eight acres for $26,000, agreeing to give plaintiff's $1 per acre if he found such purchaser. Soon after this arrangement was made, plaintiff took a man by the name of Heller out to look at the farm, and he was pleased with the place and was satisfied to buy it if he could raise the money required. The terms of payment fixed by defendant were $1,000 down and $18,000 on the 1st of March following, when possession was to be given and conveyance made subject to a $7,000 mortgage. Heller went to a town in an adjoining county where he had a farm for the purpose of ascertaining whether he could raise the money for the cash payment, and returned on the evening of the same day to the plaintiff's place of business where he met the plaintiff and the defendant, and a contract of sale between the defendant and Heller was

executed in duplicate, and the sum of $1,000 was paid by Heller to defendant. At a later date the defendant and Heller mutually agreed that the written contract above referred to was defective in the description of the property, and another written contract to correct the omission was executed; there being no extension or modification therein of the time for final payment. At some later date Heller and the defendant, apparently by mutual agreement, destroyed the contract and duplicate last executed; but whether this destruction was subsequent to the date on which final payment was to be made and the deed executed does not appear. It does appear, however, that Heller never made any further payments, and never received a deed. The ground on which the court directed a verdict for the defendant on plaintiff's evidence seems to have been that there was nothing in the evidence to show a final and complete performance of the contract by Heller, or an effort to perform, or that he was ready, willing, and able to perform as required by the terms of the written contract which seem to have been in accordance with the conditions of the sale proposed by defendant to plaintiff when the land was placed in the hands of the latter as agent. The simple question is, therefore, whether when the owner of land places it in the hands of an agent for sale on specified terms, and the agent procures a purchaser who enters into a contract to buy the land under the terms and conditions specified, being accepted by the owner as a purchaser on such terms and conditions, the right of the agent to a commission is dependent upon the final performance by the purchaser of the terms and conditions of the contract thus entered into.

There is some confusion in our own cases as to what is a sufficient compliance on the part of the agent with a contract to find a purchaser as to entitle him to recover his commission. If he undertakes to dispose of his principal's property on specified terms and effect a completed sale, then we have said that the agent is not entitled to his commission, although the purchaser proposed by the agent enters into a contract with the

owner which he subsequently is unable to perform. *Greusel v. Dean,* 98 Iowa, 405.

On the other hand, if the agent undertakes to find a purchaser who shall buy on specified terms and conditions, he is entitled to his commission when he produces a purchaser who is ready, willing, and able to buy on the terms and conditions proposed, even though the owner refuses to enter into any binding contract with the proposed purchaser. *Iselin v. Griffith,* 62 Iowa, 668; *Johnson v. Wright,* 124 Iowa, 61.

Even though the seller and the purchaser enter into a tentative agreement as to the terms of the sale, if a condition precedent to the contract's taking effect, such as a present cash payment, is not performed by the buyer, then the agent is not entitled to this commission, for the purchaser is not ready, willing, and able to make the purchase on the terms proposed. *Dent v. Powell,* 93 Iowa, 711; *Tracy v. Fobes,* 132 Iowa, 250.

It is well settled that when the agent proposes a purchaser acceptable to the owner, who makes with him a binding contract providing for the terms and conditions on which he shall have a conveyance of the property, nothing remaining as between them save the performance by such accepted purchaser of the terms and conditions of the contract thus entered into, the agent becomes entitled to his commission. This rule was settled after a full discussion of the authorities in *Flynn v. Jordal,* 124 Iowa, 457, and is in accordance with the general weight of authority. Aside from the authorities cited in the opinion in that case, see *Roche v. Smith,* 176 Mass. 597 (58 N. E. 152, 51 L. R. A. 510, 79 Am. St. Rep. 345) ; also Clark & Skyles, Agency, sections 71, 773; 31 Cyc. 1509; 19 Cyc. 243; 23 A. & E. Enc. L. 917; and note to *Kalley v. Baker,* 28 Am. St. Rep. 542. It was held otherwise in *Riggs v. Turnbull,* 105 Md. 135 (66 Atl. 13, 8 L. R. A. [N. S.] 824, 11 Ann. Cas. 783), but in that case the court concedes that the rule adopted in that state is contrary to the weight of authority. The decision in that case is, however, unquestionably in accordance with the weight of authority on the facts actually involved, for

the court holds that the prospective purchaser did not comply with a condition to be performed concurrently with the taking effect of the executory contract of sale, with the result that no such contract was actually entered into so as to become binding between the parties. The decision is therefore in harmony with cases in this state already cited.

Now, in the case before us, the making of a written contract in duplicate between defendant and Heller, a purchaser procured by plaintiff, is fully established. It is also shown that Heller paid the first installment of the purchase price required to be paid before the contract should go into effect. If it were necessary to prove the terms of the contract so as to establish the subsequent performance of its conditions by Heller, then perhaps there would be a failure of proof, for the contents of the contract which was destroyed apparently by mutual consent are not in evidence; but, when it appeared that there was a binding contract entered into between the parties, then its contents became immaterial. Defendant became bound to pay the commission when he accepted a purchaser furnished by the plaintiff.

The confusion which has arisen in this state with reference to the application of the rule announced in *Flynn v. Jordal, supra,* seems to have commenced with the case of *Snyder v. Fidler,* 125 Iowa, 378, in which this court, without reference to *Flynn v. Jordal,* announces the proposition that, if the purchaser does not perform the conditions of the contract entered into between him and the owner, the agent is not entitled to his commission. This proposition was affirmed in the subsequent cases of *McGinn v. Garber,* 125 Iowa, 533 and *Sherburn Land Co. v. Sexton,* 130 Iowa, 85, in neither of which cases was there any discussion of the question further than a reference to *Snyder v. Fidler.* Neither of the cases last above cited involved in their facts the point now under consideration, and in *Blackledge v. Davis,* 129 Iowa, 591, citing also *Snyder v. Fidler,* it appears that no binding enforceable contract was entered into between the parties. This, then, was

the condition of the law in this state when we announced our opinion in *Wenks v. Hazard*, 149 Iowa, 18. In that case we held that, under a contract of agency to procure a purchaser on such terms as should be satisfactory to the owner, the agent became entitled to his commission upon procuring a purchaser with whom the owner should make a contract, and that failure of the purchaser thereafter to perform his contract would not defeat the agent's right to his commission. That case was very analogous to the one before us. There the terms and conditions were not specified, but were left to be determined between the owner and the proposed purchaser. If, under such circumstances, the proposed purchaser did not agree to the terms and conditions proposed by the owner, the agent would recover no commission; but it was held that, when the proposed purchaser and the owner did enter into a binding contract, the agent was entitled to his commission notwithstanding the failure of the purchaser to perform the terms of such contract. In the case just cited, the court adopted the rule announced in *Flynn v. Jordal* without citing that case, and it attempted to limit the application of *Snyder v. Fidler*.

It is apparent, therefore, that unless we are now willing to definitely abandon the rule announced after a full discussion of the authorities in *Flynn v. Jordal*, and to abandon also the theory on which the recent case of *Wenks v. Hazard* was decided, and accept as conclusive the rule announced in *Snyder v. Fidler* and cases apparently recognizing it without further discussion, we ought to hold in the case before us, on the general weight of authority in this and other states, that when the owner accepts a purchaser proposed by the agent, and enters into a binding contract with him, the agent is entitled to his commission without regard to whether the terms of such binding contract are subsequently performed by the purchaser. Such a holding is not only in accordance with the weight of authority, but in accordance with reason. No persuasive considerations can be suggested for converting the

agent, who procures a purchaser acceptable to the owner, into a guarantor of the performance by such purchaser of the obligations of his contract. It is quite common to provide for payments to be made during a considerable term of years before the purchaser becomes entitled to a conveyance, and we see no reason, in the nature of things, why the agent should be required to wait until the subsequent payments have all been made before recovering the commission agreed upon, unless, indeed, he is bound by the specific terms of his contract to do so. We reach the conclusion that, in the case before us, the plaintiff made out a *prima facie* case for the recovery of his commission, adhering to the rule announced in *Flynn v. Jordal*, and overruling the case of *Snyder v. Fidler* so far as it is inconsistent with this conclusion.

Judgment of the trial court is therefore *Reversed*.

WEAVER, J. (dissenting).—In my judgment the record is barren of evidence showing that any contract of sale was ever made, or, if made, that its abandonment was not strictly in pursuance of some condition or reservation contained therein. No witness has attempted to state its terms. The burden is upon the plaintiff to make a case, and if he sees fit to submit it to the trial court, or bring it to this court upon a showing so lacking in definiteness that the essential facts cannot be found therefrom, this court should not supply his omissions by presumption or conjecture. I also dissent from the principal legal conclusion reached in the opinion as being out of harmony with our decisions heretofore rendered in similar cases and unsound in principle.

EVANS, J.—I concur in the foregoing dissent.