SANDEN & HUSO, Appellant, v. N. A. AUSENHUS et al., Appellees.

**BROKERS:** Compensation and Lien—Finding Purchaser on Stated
1  Terms.  A broker employed to find a purchaser on stated terms must, in order to earn his commission, where no sale is made, (a) take from his proposed purchaser a binding obligation to buy on such stated terms, or (b) bring the proposed purchaser and owner together, or into such relation with each other that the *owner* can exact such binding obligation.

**BROKERS:** Compensation and Lien—Sale on Terms Different from
2  Those Exacted of Broker.  A broker whose sole authority is to find a purchaser on definitely stated terms may not recover a commission for finding a purchaser to whom the property is in good faith sold, on terms materially different from those specified in the broker's contract.

**BROKERS:** Compensation and Lien—Burden of Proof as to Fraud-
3  ulent Sale.  A broker has the burden to show that the seller, in order to avoid the payment of a commission, fraudulently sold the property to the purchaser whom the broker produced, on terms materially different from those exacted of the broker.

*Appeal from Worth District Court.*—F. M. EDWARDS, Judge.

SEPTEMBER 21, 1918.

REHEARING DENIED JANUARY 27, 1919.

ACTION to recover commission for the sale of real estate.  Directed verdict for the defendants.  Plaintiff appeals.—*Affirmed*

*T. A. Kingland,* for appellant.

*M. H. Kepler,* for appellees.

GAYNOR, J.—This action is brought on an expressed oral contract, to recover commission claimed to be due for services rendered under the contract, in effectuating a sale

of certain lands belonging to the defendants.
The petition is in two counts. The first
count alleges an oral contract between the
plaintiff and the defendants, by the terms
of which defendants engaged the plaintiff to sell for them,
as their agent, certain lands then owned by the defend-
ants. The contract, as alleged, provides that the plain-
tiff should have the exclusive agency to sell the premises
at $100 an acre, and should receive $5 an acre, as com-
mission for its services in effectuating the sale; that this
contract of agency should continue until the first day of
August, 1913; that the verbal contract so entered into was
renewed and continued, by mutual agreement of the par-
ties, from time to time. Plaintiff alleges that, in pursu-
ance of such contract, it procured a purchaser ready, able,
and willing to purchase the premises at the price stipu-
lated; that it secured and introduced to the defendants
one Ohma, who was willing to pay substantially the price
asked by the plaintiff, which price was agreed upon as the
price at which the plaintiff might sell; that thereafter, the
defendants sold the premises to the said Ohma for less
than $100 an acre; that they did this for the fraudulent
purpose of preventing the plaintiff from collecting its com-
mission.

1. BROKERS: com-
pensation and
lien: finding
purchaser on
stated terms.

The second count alleges substantially the same facts,
with the additional fact that, after plaintiff had entered
into negotiations with Ohma, and had introduced him to
the defendants as a prospective purchaser, the defendants
wrongfully entered into a conspiracy to defeat plaintiff in
its claim for commission, and, in pursuance of such con-
spiracy, made a contract of sale, ostensibly to a third per-
son, though in fact to Ohma: that is, the contract, as writ-
ten, was made with a third person, though the sale was in
fact made to Ohma, and the written contract so entered into
assigned to Ohma, in pursuance of such conspiracy. Plain-

tiff says that, in fact, the land was sold to the said Ohma as a result of plaintiff's efforts under this contract.

The answer was a general denial as to both counts.

Upon the issues thus tendered, the cause was tried to a jury, and at the conclusion of plaintiff's evidence, the court directed a verdict for the defendants. Judgment being entered upon the verdict, the plaintiff appeals, and assigns as error: (1) That the court erred in directing a verdict for the defendants on both counts of the petition; (2) that the court erred in the admission of evidence.

To entitle plaintiff to recover in this action, it must prove all the material allegations of its petition. It alleges that the defendants engaged them to sell the premises, and gave them the exclusive agency to sell; that the price at which they were authorized to sell was $100 per acre; that this agreement of agency was to continue until August 1, 1913; that it was renewed thereafter, from time to time; that, in pursuance of such contract, and while the agency continued, it actually sold the premises, or procured a purchaser who was ready, able, and willing to purchase the same at the price fixed in the contract of agency; that they introduced him to the defendants, or brought him to defendants, and informed them of the fact that the purchaser was then ready, able, and willing to buy, at the price stipulated; that the purchaser so procured expressed himself as ready, able, and willing to buy; and that nothing remained for the defendants to do but to consummate the purchase by executing the deed. As said in *Johnson Bros. v. Wright,* 124 Iowa 61:

"The agency was to find a purchaser on certain terms, and, in order to earn the commission, it was incumbent upon plaintiffs to furnish a person ready, able, and willing to buy on the terms fixed. To accomplish this, where no sale is actually made, either a valid obligation to buy must be procured and tendered to the principal, or the vendor

and proposed purchaser must be brought together, so that the vendor may secure such a contract if he wishes to do so. It is not enough that a parol offer to buy be made to the agent. The proposition should be to the principal, to the end that the statute of frauds may be obviated by reducing the agreement to writing."

In *Beamer v. Stuber,* 164 Iowa 309, the rule so announced was approved and followed, citing *Flynn v. Jordal,* 124 Iowa 457; *McDermott v. Mahoney,* 139 Iowa 292; and *Nagl v. Small,* 159 Iowa 387. In this *Beamer* case, supra, the court said, referring to the rule announced in *Johnson Bros. v. Wright,* supra:

"This does not necessarily mean that the offer shall be made in person by the purchaser to the seller, but that it shall be made in such circumstances that the latter may then exact the execution of a binding contract, if he so elects. There is no reason why the agent of the seller may not communicate to him an offer of purchase, and, if the proposed purchaser is immediately accessible, so that a written contract may then and there be executed, and he is ready, willing, and able to consummate the deal, this is enough."

Applying these rules to the situation we have here, it is apparent that the plaintiff could not recover in this suit if no sale had ever been made by the defendants to Ohma, for at no time did the plaintiff inform the defendants that it had found in Ohma a person who was ready, able, and willing to buy the land on the terms on which the plaintiff had a right to make the sale. They procured no valid obligation from Ohma to buy, nor did they bring Ohma and the defendants together, so that the defendants could secure such a contract if they wished to do so. At no time did they inform the defendants that Ohma was ready, able, and willing to buy at the stipulated price, nor did Ohma ever communicate that fact to the defend-

ants.  The nearest that plaintiff ever came to informing the defendants that Ohma was a possible purchaser is in saying to the defendants that Ohma was interested in the land.  Ohma never proposed .to this plaintiff or expressed to it a willingness to buy at the price stipulated.

It is claimed, however, that the plaintiff did interest Ohma in this land, and that Ohma in fact purchased it from the defendants; that they were the efficient procuring cause of the sale; that, though these agents

2. BROKERS: compensation and lien: sale on terms different from those exacted of broker.

were not parties to the transaction in the consummation of the sale, it was through their services, rendered under the contract, that the sale was made effectual.  On this theory, however, to entitle the plaintiff to a commission it must affirmatively appear that the sale was made on the terms on which plaintiff was authorized to procure a purchaser.  This is not claimed to be the fact in this case, for the property was sold for less than $100 an acre.  It is claimed, however, that the reduction was fraudulently made, and for the purpose solely of defeating the plaintiff in its commission.  Fraud is never presumed.  He who asserts it has the burden of proving it.  That defendants were anxious to sell this land is apparent.  To this end, they not only placed it in the hands of this plaintiff, but reserved in themselves a right to sell it, themselves.  While plaintiff asserts that, if the defendants had not sold it for less than $100 an acre, they could have induced Ohma to take it at $100 an acre, it nowhere appears in the record that Ohma ever agreed to take this land at $100 an acre.  It nowhere appears that this plaintiff ever procured a purchaser who was ready, able, and willing to take it at the stipulated $100 an acre.  Ohma, when called by the plaintiff on cross-examination, testified that he was never willing to pay $100 an acre for it.  We may omit this testimony;

**3. Brokers: compensation and lien: burden of proof as to fraudulent sale.**

for the burden was on the plaintiff to show that Ohma was willing to pay $100, and this it has failed to do. In the absence of such proof, plaintiff has not made out a case. This is not a case in which the duty rested upon the agent only to procure a purchaser who was ready, able, and willing to buy, on terms satisfactory to his principal. Here, the plaintiff undertook to make a sale of defendants' land at $100 an acre. Its contract did not authorize it to sell for less, or on time or on credit. The presumption is that the sale was to be for cash. There is nothing in the record to show an agreement that the sale should be made on time or on credit. The sale made, which plaintiff claims was a consummation of their effort, was the sale made by the defendants themselves, who reserved the right to sell, and for less than $100 an acre, with deferred payments, secured by a mortgage upon the land.

We find no error in the ruling of the court in sustaining defendants' motion for a directed verdict, and the case is, therefore,—*Affirmed.*

Preston, C. J., Weaver and Stevens, JJ., concur.