C. E. LEIGH, Appellee, v. JAMES SLOAN, Appellant, et al.,
Appellees.

**BROKERS:** Compensation—**When Earned.** A landowner who contracts, in substance, to .pay a commission when the broker furnishes a person with whom the owner actually contracts to sell on his own terms, must, upon entering into a contract with the person produced, pay the commission, even though the purchaser, able to perform when the contract was entered into, was unable to perform on the stipulated day for performance, for a reason over which the broker had no control.

*Appeal from Cedar Rapids Superior Court.*—ATHERTON B.
CLARK, Judge.

JUNE 23, 1922.

ACTION at law, to recover a commission for finding a purchaser of real estate. The defense was that the purchaser furnished- entered into a contract of purchase which he was not able to perform, and which he later failed to perform. Upon the same ground, the defendant also filed a counterclaim to recover a part of the commission already paid. There was a directed verdict for the plaintiff, and the defendant appeals.— *Affirmed.*

*J. C. Leonard* and *E. A. Johnson*, for appellant.

*Ring & Hann* and *Crissman & Linville*, for appellees.

EVANS, J.—The plaintiff, Leigh, is a real estate agent, with whom the defendant Sloan orally listed his farm for sale at $165 per acre. Shors & Shors, who were impleaded upon the motion of the defendant, were also real estate agents, who became associated with the plaintiff in finding a purchaser for the defendant's farm. Kloubec was the purchaser with whom the defendant entered into a contract of sale. In the listing of the farm, no terms were fixed. It was agreed that, if the plaintiff furnished a purchaser, the defendant would fix reasonable terms. The plaintiff, pursuant to the listing, interested Kloubec as a proposed purchaser. While Kloubec had the subject under consideration, the plaintiff became sick, and unable to give further attention to the business. He thereupon associated with himself the interpleaded defendants, Shors & Shors, who carried the matter to a consummation. Shors & Shors produced Kloubec to the defendant, who then fixed upon terms which were assented to by Kloubec, and a written contract of sale was mutually executed by them. This contract called for the assumption of certain existing mortgages by Kloubec, and a payment by him of about $17,000. $2,000 of this sum was then and there paid. The further sum of $15,000 was to be paid on March 1st following. This contract was entered into on August 28, 1919. On March 1st, Kloubec failed to perform. The defense of the defendant is predicated upon this fact, in that, as contended, the purchaser furnished to the defendant was not able to make the purchase. At the time of the signing of

the contract and the payment of the $2,000, the defendant paid to Shors & Shors their one-half share of the commission, $491. In this suit he has filed a counterclaim or cross-action against them, to recover the sum so paid. It will be seen, therefore, that the defendant presents the same facts as a defense to the cause of action pleaded by the plaintiff and as a counterclaim or cross-action against Shors & Shors.

At the close of the evidence, the trial court directed a verdict for the plaintiff. We have before us, therefore, the question whether it is to be said that the plaintiff and Shors & Shors had, as a matter of law, earned their commission when they produced Kloubec as a purchaser, and when the defendant accepted him as such and entered into contract with him, notwithstanding the fact that Kloubec afterwards failed to perform such contract.

It will be noted that this is not a case where the payment of the commission was conditioned upon full performance of the contract of sale by the purchaser furnished; nor was it a case where the terms of sale were fixed at the time of the listing. The defendant reserved at that time to himself the right to fix the terms. There is no claim of fraudulent representation or other fraud on the part of the agents or of the proposed purchaser. The defense is predicated wholly upon the fact that, notwithstanding the contract of August 28th, the proposed purchaser was unable to perform the same on March 1st. The defendant offered no evidence that the proposed purchaser was not financially able, on August 28th, to perform his contract. On the contrary, the undisputed evidence does show that the purchaser at that time had $14,000 of the proceeds of sale of his own farm, and a large amount of personal property besides. Prior to March 1st, however, Kloubec purchased another farm, and used his money for that purpose, and took the title of his purchase in the name of his wife. He was, therefore, unable to perform the contract on March 1st. Were the rights of the plaintiff affected by these subsequent events? The case comes squarely within the rule announced in several of our previous cases. Some of these are the following: *Johnson Bros. v. Wright,* 124 Iowa 61; *Flynn v. Jordal,* 124 Iowa 457; *Wenks v.*

*Hazard,* 149 Iowa 16; *Nagl v. Small,* 159 Iowa 387; *Ketcham v. Axelson,* 160 Iowa 456, 458; *Thompson v. Ryan,* 188 Iowa 395.

The question presented is fully discussed in all of the cited cases, and we see little occasion for repeating the discussion here. The judgment entered below is, therefore,—*Affirmed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.