LOUIS BENTE, Appellee, v. JOHN BODEN, Appellant.

**BROKERS:** Commission—Right of Owner to Sell. An owner who, in contracting with a broker, has not negatived his own right to sell his own property may, in good faith, sell on terms different from those given to the agent; and especially is this true on a record which not only fails to show that the broker was the moving cause of the sale, but demonstrates the contrary.

*Appeal from Clayton District Court.*—H. E. TAYLOR, Judge.

APRIL 3, 1923.

ACTION on contract to recover a commission for the alleged sale of lands by plaintiff as agent for the defendant. Cause tried to the court without a jury and judgment entered in favor of plaintiff in the sum of $160 with interest and costs. Defendant appeals.—*Reversed.*

*D. D. Murphy & Son,* for appellant.

No appearance for appellee.

DE GRAFF, J.—Plaintiff seeks to recover on an express oral contract a commission alleged to be due him for services in effectuating a sale of certain real estate belonging to the defendant. His petition states that on a certain date he entered into an oral contract with the defendant "to find a buyer for a farm belonging to the defendant * * * for the sum of $200 per acre, said farm consisting of 160 acres, and plaintiff to receive the sum of $1.00 per acre or $160 as his commission for finding a buyer for said farm." He further alleges that he undertook to find a buyer for said farm and interviewed two persons, one

of whom a few days after the contract of agency was entered into purchased the farm under a written contract with the defendant, and that subsequently thereto the defendant executed and delivered to said purchaser a deed of conveyance to the said farm and received from the said purchaser the full purchase price of $200 per acre in cash or its equivalent. The answer is a general denial.

Two primary errors are relied upon by the defendant for a reversal: (1) that the evidence fails to show that the plaintiff was the moving cause of the sale that was made by the defendant (2) that the evidence shows affirmatively that the sale that was made was not a sale upon the same terms as listed with the plaintiff, and that the defendant acted in good faith throughout and with no knowledge that plaintiff had any connection with the sale whatsoever.

The contract pleaded is not an exclusive contract in the sense that the right of the owner to sell is negatived.

What are the essential elements to predicate plaintiff's recovery? It is incumbent upon him to prove (1) the express contract upon which he bases his right to a commission (2) that a sale was made in conformity to the terms of the contract or that he produced a purchaser who was ready, willing and able to purchase on the terms authorized and (3) that the purchaser was induced to enter into the negotiations and to make the purchase through the efforts of the plaintiff as agent.

It is clear that the pleaded contract contemplates a cash consideration upon a sale of the land, no terms as to time and manner of payment being specified. *Sanden & Huso v. Ausenhus,* 185 Iowa 389. The evidence does not disclose that any proposition was conveyed by the agent to the principal in the purchase of the farm in question. In other words at no time did the plaintiff inform the defendant that he had found a person who was ready, able, and willing to buy the land on the terms recited in the pleaded contract. The purchaser testified that the plaintiff was not instrumental in procuring and inducing him to purchase. This is not a controlling circumstance although it is quite persuasive when the facts do not justify a contrary conclusion. The owner fixed the price in his listing contract with the plaintiff. This was his right and in the

absence of an exclusive agency of sale precluding the right of the owner to sell to any person the agent assumes the risk of sale by the owner on terms other than those contained in his authority to sell. A contract of agency for the sale of real estate is fixed by the language of the contract as used by the parties thereto.

In the instant case the evidence discloses that the plaintiff was authorized to sell or find a purchaser for the defendant's farm for $200 per acre during a period of two weeks at an agreed commission of $1.00 per acre.

The farm when sold by the owner was not for cash, nor does the evidence disclose that the plaintiff was the primary and moving cause of the sale or that the purchase was procured through the efforts of the plaintiff. Furthermore the record affirmatively shows that the sale was made upon terms other than the authorization contained in the pleaded contract. It is absolutely essential for the plaintiff to prove that he was the inducing and moving cause of the sale. *Monson v. Carlstrom,* 141 Iowa 183.

Plaintiff in the instant case never talked with the purchaser of the land concerning a sale of defendant's farm. The purchaser told the defendant owner that he was acting for himself in the purchase of the land, and the defendant was careful to inquire whether or not the purchaser was acting through the solicitation or agency of the plaintiff. He received a negative answer to his question. The plaintiff never offered the farm to the purchaser, but told him he had a prospective purchaser in Beck. The only talk that the plaintiff had with the purchaser was a casual conversation and clearly the plaintiff never considered the purchaser as a prospect. In fact the defendant would not sell to the purchaser Reimer until he was assured that he was not dealing with a purchaser procured by his agent.

The essential elements of recovery are wanting in this case. It was a sale by the owner and this was his right and privilege under the listing contract without liability for commission. Wherefore the judgment entered must be and is—*Reversed.*

PRESTON, C. J., WEAVER and STEVENS, JJ., concur.