J. E. MORTON, Appellee, v. ALFRED DRICHEL, Appellant.

No. 46917.

NOVEMBER 12, 1946.

France & France, of Tipton, for appellant.

Hunt & Powell, of Tipton, for appellee.

HALE, J.—The first alleged errors relied upon by defendant are the refusal of the court to direct a verdict at the close of plaintiff's testimony and at the conclusion of all the testimony. The other errors alleged consist of the court's giving of certain

instructions and its refusal to give defendant's requested instructions.

The case arose out of an oral arrangement between the plaintiff, Morton, a real-estate agent, and Drichel, the defendant, owner of 135.16 acres in Cedar county. The first talk between the parties in relation to a sale of the land was in March 1945. Defendant told plaintiff that he could list the land and the price was $225 per acre. The defendant was told the commission would be two per cent. There was evidence that this was about the substance of the conversation. Later, in another conversation, the price was reduced to $200 per acre. The listing was not exclusive. About April 23d plaintiff learned that one Fay was looking for a farm and went to him the next week, about May 5th, and made arrangements to show this farm and others. They drove to the Drichel farm and looked at its boundaries. Fay said he had seen part of it and the farm was then priced at $200. On May 31st Fay came to see Morton and said he wanted to take another look at the farm. Morton testified he told him he could not take him that day but he telephoned to Drichel and informed him that Fay was coming out. Fay then went to the Drichel farm and talked to the owner. Fay later told Morton that he was not going to buy the farm unless some changes were made, that he was interested in it but the price was too high. Plaintiff also alleges that when he informed Drichel that Fay was coming out defendant stated that he would take care of him (the plaintiff) just the same. The plaintiff also states that a few days after May 31st the defendant came to him and told him that he had a chance to rent and was taking the place off the market and that plaintiff informed defendant that it was all right but that if defendant sold the farm to Fay he would expect a commission.

Fay bought the land and later, on June 13th, a contract of sale was executed, by the terms of which the defendant sold the farm to Fay for $26,950 and agreed to transfer to Fay one hundred twenty-nine burr-oak posts; to pay for and wire the house for electricity and put in certain light fixtures, and to transfer the insurance without cost. Suit for commission was brought and there was trial to a jury. The court overruled the motions to direct a verdict for defendant and the case was submitted to

the jury, who returned a verdict for plaintiff, and judgment was entered accordingly. The question to be determined is: Did the court properly so submit the case to the jury? The various alleged errors assigned by defendant may be considered in their order.

I. He alleges that the agreement for commission was for a sale of the property and that no sale was made. However, a sale was made by the defendant himself, the terms of the sale varying somewhat from those proposed by defendant to plaintiff. Defendant emphasizes, in written and oral argument, that the sale must be made by plaintiff. Whether the sale was made by the owner, through the instrumentality of the agent, was, of course, a question of fact. The duty of any agent would be to produce a purchaser ready, able, and willing to buy the land on the proposed terms, or terms satisfactory to the owner, and whether the agent did so was for the jury to determine. There was evidence that the changes in consideration were not extensive, that they were satisfactory, as evidenced by the formal contract entered into by the purchaser and defendant later, after the purchaser had been sent out to the Drichel farm on May 31st.

The general rule is stated in 12 C. J. S. 196, section 86b:

"Where a broker is the procuring cause of a contract concluded by the principal with a customer produced by the broker, and any special conditions attached to the right to a commission have been fulfilled or waived, the fact that the contract so concluded differs in price or terms from the one which he was authorized to negotiate does not deprive him of his right to a commission."

And this is true where he sells at a lower price than was originally quoted by him to the broker. This rule has been the holding of our decisions. Our most recent decision is Moore v. Griffith, 234 Iowa 1024, 1028, 14 N. W. 2d 644, 646. The opinion states that the broker:

"* * * has performed his duty if he introduces the buyer in the sense that he makes known to the seller that his customer is a prospective buyer. After that the seller cannot defeat the broker's right to the commission by closing the deal with the broker's customer and then asserting that the broker was not

entitled to the commission because he did not sell the farm, unless, of course, there has been an abandonment of negotiations with this prospect." Citing Kellogg v. Rhodes, 231 Iowa 1340, 1344, 4 N. W. 2d 412, 414. Also, the opinion cites, as to the rule, Wareham v. Atkinson, 215 Iowa 1096, 1100, 247 N. W. 534, 536; Beamer v. Stuber, 164 Iowa 309, 145 N. W. 936; Johnson Bros. v. Wright, 124 Iowa 61, 99 N. W. 103.

Kellogg v. Rhodes, supra, 231 Iowa 1340, 1344, 4 N. W. 2d 412, 414, cited above, states:

"The general rule is well settled that if property is listed at a certain price with a broker who is the procuring cause of a sale he is entitled to a commission, even though the sale is consummated by the principal and at a price lower than that quoted by him to the broker." Citing authorities.

The opinion refers to the exception to the above rule where the agreement between broker and principal provides for the payment of a commission *only* upon obtaining a certain price for the property and the sale is consummated at a lower price. (Italics ours.) The case was decided upon another exception: the withdrawal of the parties to the contract. But the facts in the present case do not bring it within this first exception. Here the contract, oral and informal, was not conditioned upon obtaining the price quoted. The instant case comes within the general rule many times announced by this and other courts. In addition, see, Fisher v. Skidmore Land Co., 189 Iowa 833, 843, 179 N. W. 152; Tilden v. Zanias, 228 Iowa 708, 710, 292 N. W. 835, 836; Beamer v. Stuber, supra, 164 Iowa 309, 145 N. W. 936; 8 Am. Jur. 1100, 1101, sections 189, 190.

The defendant cites various authorities in support of his views. Santee v. Lutheran Mut. Aid Soc., 226 Iowa 1109, 285 N. W. 685, involved the right of one of two brokers to the commission; Johnson Bros. v. Wright, supra, 124 Iowa 61, 99 N. W. 103, holds that the agent had failed to proffer the buyer to the principal; Bente v. Boden, 195 Iowa 669, 192 N. W. 834, holds that the owner may also sell, and that the record failed to show that the broker was the moving cause of the sale. In Sanden & Huso v. Ausenhus, 185 Iowa 389, 392, 393, 168 N. W. 801, the opinion states that the brokers procured no valid obligation

from the buyer nor did they bring him and the owner together. We have already referred to Kellogg v. Rhodes, supra. These cited cases do not contradict or modify the general rule. We are satisfied that the evidence was sufficient to present a jury question.

II. Defendant, in his motion for a directed verdict, assigned as one ground the alleged withdrawal of the agency. Such revocation is also made the basis of his requested instructions Nos. 3 and 4, and the refusal of the court to sustain the motion and to give the requested instructions are assigned as errors.

We do not think that, as a matter of law, this claimed revocation came at such a time as to deprive the agent of his commission. On May 31st the broker sent the purchaser to the owner. Drichel, in his testimony, said that he thought it was about the middle of May that he withdrew the farm from sale. But the testimony of plaintiff is quite different. He states that he saw Drichel on the evening of the day Fay again went out to look at the farm, but that it was not until a few days later that Drichel informed him that he expected to rent the farm and would take it off the market, and that at that time he (the agent) informed Drichel that if he rented the farm it would be all right but if he sold to Fay he would expect a commission. Later he talked to Drichel, about June 30th.

The written contract for the sale of the farm was made June 13th. Fay testified that Drichel and he had agreed a few days before, he thought two days. At least, the deal was made sometime within the two weeks between May 31st and June 13th. Just when the claimed withdrawal was made was clearly a question for the jury and we need not consider the effect of a withdrawal while apparently the negotiations were proceeding. The question of good faith on the part of the defendant in withdrawing his farm from sale, together with the question of discontinuance and abandonment of the contract and of a recommencement of independent negotiations, were properly presented to the jury by the court in its instructions and determined by them. We find no error as to this phase of defendant's assignment.

III. We have referred to the instructions asked by de-

1214

fendant and refused by the court. He refers especially to Nos. 3 and 4 relating to withdrawal of agency. The other instructions asked and refused, as well as the two mentioned, are all at least partly based on the theory that to recover there must be a purchaser produced, ready, able, and willing to buy in conformity with the terms of the contract, but no mention is made of a sale on terms satisfactory to the seller. We have discussed this matter in a preceding division. The offered instructions were properly refused.

IV. Defendant excepted to certain instructions. We have examined the instructions and they appear to us to correctly state the case and the law applicable. Much of the objection is on the same theory as in the preceding section. We feel that the objections were without merit. The court properly told the jury that a listing agreement would continue for a reasonable time unless withdrawn but such withdrawal must be in good faith.

Other matters were discussed in argument, such as the claim and computation of plaintiff that the price at which the sale was made was substantially the original price asked, less original commission, but we think it unnecessary to discuss them. We are satisfied that the testimony introduced presented a question for the determination of the jury and that in the trial of the case there was no reversible error.

The cause is therefore affirmed.—Affirmed.

All JUSTICES concur.