JOHN NICKELSEN, Appellee, v. GLENN MOREHEAD, Appellant.

No. 47069.

OCTOBER 14, 1947.

Lee R. Harding, of Clinton, for appellant.

Miller, Miller & Cousins, of Clinton, for appellee.

HALE, J.—Plaintiff in this case is a licensed real-estate broker and in the fall of 1945 he was employed by verbal con-

tract by the defendant to find a purchaser for certain real estate. Later he procured Lyle T. Mallary as a purchaser and took him to the defendant. Shortly thereafter, on October 24, 1945, defendant and the said Mallary entered into a written contract for the purchase of the farm at the stipulated price of $15,400 and Mallary made a down payment of $500. Thereafter, apparently not having been able to dispose of some of his own real estate, Mallary and defendant canceled the contract in consideration of an additional payment of $200 by Mallary.

At the time of employment of the plaintiff the defendant agreed to pay a broker's commission of two and one-half per cent of the purchase price if the broker secured a purchaser, which was the ordinary commission in that community and is claimed by plaintiff to be a reasonable amount. Defendant having refused to pay the commission, plaintiff brings this action for $385 and interest at five per cent per annum from January 15, 1946.

The foregoing facts are pleaded, in substance, in plaintiff's petition. Defendant's answer consists only of an express denial of each paragraph of plaintiff's petition. He makes no plea of fraud or misrepresentation, but denies only. After the court sustained the motion of the plaintiff verdict and judgment were entered. Later the court overruled defendant's motion for new trial. Defendant, in appealing, sets out several errors relied upon for reversal: 1. Overruling a part of defendant's motion for more specific statement, which asked the court to require plaintiff to set out a copy of the alleged contract between defendant and the purchaser; 2, sustaining plaintiff's motion for a directed verdict; 3, overruling defendant's motion for a directed verdict; and 4, overruling defendant's motion for a new trial, and a motion made to correct the record.

I. Regarding defendant's assignment of error in the court's refusal to require plaintiff to set out the copy of the alleged contract: This contract was not the basis of the action and the court was right in refusing to require plaintiff to set it out. However, as a matter of fact, defendant himself introduced in evidence, as Exhibit 1, the contract asked in his motion for more specific statement. There can be no prejudice here.

II.  Plaintiff assails defendant's assignment of errors Nos. 2, 3, and 4, as omnibus and not sufficient to present anything for the consideration and determination of this court, citing Pickett v. Wray, 225 Iowa 288, 280 N. W. 519. We find it unnecessary to consider this question of pleading in this court since we hold that the real issue in the case is the question of whether or not the plaintiff has sufficiently complied with the law in relation to brokers to warrant his recovery. Thus a ruling on this question will dispose of the plaintiff's assignment of errors Nos. 2, 3, and 4.

■ The proposition before us, and as stated by the plaintiff, is embodied in plaintiff's Division I of his brief and argument, that when the owner accepts a purchaser proposed by an agent, and enters into a binding contract with him, the agent is entitled to his commission without regard to whether the terms of such binding contract are subsequently performed by the purchaser. As we have stated, there is no dispute but that the plaintiff introduced Mallary to the defendant; that there was $500 paid on the purchase price; that a binding contract was entered into between defendant and Mallary; that thereafter vendor and purchaser agreed to cancel such contract in consideration of the payment of $200.

This court has often ruled upon what is necessary to entitle a broker to his commission. Plaintiff cited Nagl v. Small, 159 Iowa 387, 390, 138 N. W. 849, 850, in which case the facts are very similar to the case at bar, and in which it is said:

"It is well settled that when the agent proposes a purchaser acceptable to the owner, who makes with him a binding contract providing for the terms and conditions on which he shall have a conveyance of the property, nothing remaining as between them save the performance by such accepted purchaser of the terms and conditions of the contract thus entered into, the agent becomes entitled to his commission. This rule was settled after a full discussion of the authorities in Flynn v. Jordal, 124 Iowa, 457, and is in accordance with the general weight of authority." (Citing authorities.)

The Nagl case cites the case of Riggs v. Turnbull, 105 Md. 135, 66 A. 13, 8 L. R. A., N. S., 824, 11 Ann. Cas. 783, which is

relied upon by defendant in his argument, but the Nagl case, in reference to the Maryland case, states that the Maryland court conceded that the rule adopted·in that state is contrary to the weight of authority, and continues, in reference to the Riggs case:

"The decision in that case is, however, unquestionably in accordance with the weight of authority on the. facts actually involved, for·the court holds that the prospective purchaser did not comply with a condition to be performed concurrently with the taking effect of the executory contract of sale, with the result that no. such contract was actually entered into so as to become binding between the parties."

The Nagl case, at page 391 of 159 Iowa, page 850 of 138 N. W., refers to the confusion which had arisen in the state with reference to the application of the rule announced in the Flynn case, which it states seems to have commenced with the case of Snyder v. Fidler, 125 Iowa 378, 101 N. W. 130:

"* * * in which this court, without reference to Flynn v. Jordal, announces the proposition that, if the purchaser does not perform the conditions of the contract entered into between him and the owner, the agent is not entitled to his commission. This proposition was affirmed in the subsequent cases of McGinn v. Garber, 124 Iowa, 533, and Sherburn Land Co. v. Sexton, 130 Iowa, 85, in neither of which cases was there any discussion of the question further than a reference to Snyder v. Fidler."

The decision in the Nagl case states:

"Neither of the cases last above cited involved in their facts the point now under consideration, and in Blackledge v. Davis, 129 Iowa, 591, citing also Snyder v. Fidler, it appears that no binding enforceable contract was entered into between the parties. This, then, was the condition of the law in this state when we announced our opinion in Wenks v. Hazard, 149 Iowa, 16. In that case we held that, under a contract of agency to procure a purchaser on such terms as should be satisfactory to the owner, the agent became entitled to his commission upon procuring a purchaser with whom the owner should make a

contract, and that failure of the purchaser thereafter to perform his contract would not defeat the agent's right to his commission. * * * In the case just cited, the court adopted the rule announced in Flynn v. Jordal without citing that case, and it attempted to limit the application to Snyder v. Fidler."

The court therefore adopted the rule in Flynn v. Jordal, 124 Iowa 457, 100 N. W. 326, and Wenks v. Hazard, 149 Iowa 16, 127 N. W. 1099, and said: "Such a holding is. not only in accordance with the weight of authority, but in accordance with reason."

Since the rendition of the opinion in Nagl v. Small this court has consistently followed the rule there laid down. See Ketcham v. Axelson, 160 Iowa 456, 469, 142 N. W. 62, which also cites Wenks v. Hazard, supra; Beamer v. Stuber, 164 Iowa 309, 311, 145 N. W. 936, 937, where the facts were not sufficient, but the rule is stated that: "This duty is performed when the agent finds and introduces to his principal a person who is ready, able, and willing to buy on the terms proposed by or acceptable to said principal." Citing various authorities, including the Nagl case. See, also, Sanden & Huso v. Ausenhus, 185 Iowa 389, 392, 168 N. W. 801; Leigh v. Sloan, 193 Iowa 1296, 188 N. W. 836, and cases cited; Scott v. J. C. Ferguson Realty Co., 206 Iowa 1158, 1162, 221 N. W. 785, 787, citing various authorities, in which it says, among other things:

"The making of an executory contract between the owner and a purchaser furnished by the agent per se brings into being the right of the agent to a commission."

See Moore v. Griffith, 234 Iowa 1024, 14 N. W. 2d 644, and Morton v. Drichel, 237 Iowa 1209, 24 N. W. 2d 812, and the annotations in 51 A. L. R. 1390, 1392, 1393, citing the Nagl case. These cases follow the rule laid down in the Nagl case, and it is the rule in Iowa, as laid down in the annotations above cited, that:

"A broker has the right to commission on the full contract price, and his commission will not be reduced by a mutual cancelation of the contract of sale."

See, also, 12 C. J. S., Brokers, section 87, and 9 C. J., Brokers, section 91.

Defendant cites various cases from this and other states in support of his general theory of error. He cites most of the cases we have heretofore referred to. An examination of the authorities, especially of those Iowa cases decided after the rendition of the opinion of Nagl v. Small above, shows the rule to be contrary to his contentions. The rule in Iowa is the general rule followed by the weight of authority throughout the country.

III. It follows that the court did not err in sustaining plaintiff's motion for a directed verdict and in overruling defendant's motion for a directed verdict in his favor. Since we find no error the court was, of course, correct in overruling defendant's motion for a new trial.

Defendant does not argue these three latter assignments but we are satisfied that the court was right. So finding, the case is affirmed.—Affirmed.

OLIVER, C. J., and BLISS, GARFIELD, SMITH, MANTZ, MULRONEY, and HAYS, JJ., concur.